*450
 
 Nash, C. J.
 

 Tbe defendant, for a contempt of Court, was ordered into custody and sentenced to imprisonment until nine oc’lock the succeeding morning ; from this judgment he was permitted to appeal to this Court. The power of the Court, at common law, to punish for a contempt, is not questioned, and it is also admitted, that by the law, as it existed previously to the act of the General Assembly, passed at its session of 1846, no right of appeal existed; but it is contended that the Act of 1846, requiring the particulars for which the party is punished, to be spread upon the record, author-ises the appeal. We do not so think. For good reasons, the law does not authorise an appeal in such cases. To constitute a contempt, the act done, must be in the presence of the Court, or so near thereto, as to obstruct the administration of justice. From the nature of the offence, it is difficult to perceive, how another Judge can estimate the nature of the act. The evil requires prompt action to its removal. Let us suppose a case: A man comes into Court, and by his noisy behavior obstructs the business ; the Judge orders him to be fined and imprisoned for the contempt; the delinquent appeals
 
 to
 
 the court above; the appeal, of course, annuls the judgment; but the individual remains in the court-house, and still continues his disorderly conduct; the court again interferes by a judgment of fine and imprisonment; and again, the right of appeal is interposed; and so on, as long as the obstinacy and folly of the trespasser continues; to the entire suspension of the public business, and in utter contempt of the judicial authority. .
 

 The whole of this doctrine is fully examined in
 
 ex parte Summers, 5
 
 Ire. Rep. 149, in which the Court decide that, the only way in which an error in judgment in the Judge below, in the application of the doctrine of contempt, can be remedied, is by a writ of
 
 habeas corpus,
 
 and that the intruder is not entitled to a writ of certiorari. In the case of the
 
 State
 
 v.
 
 Woodfin, 5 Ire.
 
 Rep.
 
 199,
 
 the Court decide, that from the* nature and necessity of the case, there can be no trial
 
 de novo
 
 in another Court as to the truth of the fact. These decisions
 
 *451
 
 were mqde in 1844, and we- have seen the -act requiring the facts to be spread upon the record, was passed in 1846. It is asked, for what purpose was it required, if not to enable a revising Court to correct any-error that might have been committed? The object was to furnish evidence against a magistrate, on a trial for a malfeasance in office, by an abuse of power, and to enable the person, punished, to obtain such redress, as, by the law, he might be entitled to ; but the act makes no provision for an appeal, or 'for- obtaining a writ of certiorari. It would be doing great injustice to the members of the Legislature of 1846, to suppose them ignorant of the two decisions made by this Court, which are above referred to. They knew, therefore, as the" law stood, a person committed for a contempt, had no right, either to appeal, or to a certiorari. It would be strange then, if these decisions were deemed erroneous in those particulars, or that the law, as so declared^ was unjust and oppressive on the citizens, and needed alteration in that respect, that the right of appeal, or to the writ of certiorari, was not given. But the law was wisely left by the Legislature, in these particulars,, as they found it.
 

 The only error in the Judge below was, in allowing the individual to appeal. It is unnecessary to express an opinion as to the sufficiency of the. facts, stated in the record, as constituting a contempt of. Court, or as substantially complying with the provisions of the act of 1846. The appeal is dismissed.
 

 Pee CueiaM. There is no error.