SARAH PAIN v. DANIEL PAIN.

*Judge's Discretion—Divorce—Alimony, not a debt.*

1. It is discretionary in a judge to re-open a case for additional testimony and argument. His refusal to do so is not reviewable.

2. In an action by a wife for divorce *a mensa*, where acts of cruelty were alleged as the ground of separation, and also an estimate of the value of defendant's estate, *it was held* to be sufficient evidence to decree alimony and fix the amount.

3. The allowance in such case is not a debt within the meaning of the constitution, and the defendant may be held to answer a rule for contempt in default of payment.

(*Gaylord* v. *Gaylord*, 4 Jones Eq., 74; *Schonwald* v. *Schonwald*, Phil. Eq., 215; *State* v. *Cannady*, 78 N. C., 539, cited and approved.)

CIVIL ACTION for Divorce *a mensa et thoro* heard on a motion for alimony *pendente lite*, at November Special Term, 1878, of MADISON Superior Court before *Avery, J.*

At the regular term the plaintiff's counsel made the motion for alimony, and a reference was ordered to ascertain what estate or property was held by defendant, and his annual income, and a report returned. The motion was argued before His Honor at chambers, and it appeared that neither a demurrer nor an answer was filed to the complaint, for which failure the plaintiff insisted that judgment should be entered. After argument upon this question and upon intimation of the court that a demurrer embodying

the grounds of objection stated by counsel would be sustained, the defendant submitted the demurrer in writing, but it was held to be insufficient. Leave was then granted to file another setting out specifically the grounds of objection, and also to amend the complaint. On the following day the pleadings were read, and the plaintiff moved for an allowance to enable her to prosecute the action, and the defendant was heard in reply. Thereupon His Honor adjudged "that defendant pay into court within twenty days the sum of one hundred dollars to enable plaintiff to prosecute the action till the next term, and in default thereof the defendant shall show cause on the second of January, 1879, at Waynesville, before *Gudger, J.,* why he shall not be attached for contempt." Upon hearing this order read, the defendant insisted on reading at length the report of the referee, and on further argument His Honor declined to hear the report read, but permitted some discussion between counsel as to the amount of defendant's property and income. The defendant announced his readiness for trial, but the jury had been previously discharged, and the case was continued and the court adjourned.

In reply to a question of defendant's counsel, His Honor stated that he had not read the referee's report. Defendant excepted on the ground of the refusal to hear the report read, and to allow further argument after the foregoing order was made; and on the further ground that upon the testimony reported by referee the court did not have the power to make said allowance. From the judgment of the court the defendant appealed.

*Messrs. Gilliam & Gatling* and *A. T. & T. F. Davidson,* for plaintiff.

*Messrs. J. L. Henry* and *Reade, Busbee & Busbee,* for defendant.

SMITH, C. J.  This appeal from the interlocutory order, allowing the plaintiff alimony, *pendente lite*, brings before us for examination two exceptions only :

1. The refusal of the judge to hear further evidence of the amount and value of the defendant's estate and argument from his counsel.

2. The penalty imposed in the decretal order for failure to comply with it.

The case shows that on the motion for the allowance the amended complaint verified by the plaintiff's oath was read, and no other evidence was offered by either party.  The subject matter of the complaint and the sufficiency of its averments, upon an issue raised by demurrer, had been fully discussed before the judge at chambers the day previous.  The motion was granted and the written order set out in the record was prepared and read in the hearing of both parties.  Thereupon the defendant's counsel insisted upon the reading of the referee's report in full and his right to further argument.  His Honor declined to hear the report read, but its statements as to the defendant's property and income were commented on by both the counsel.  This refusal is now assigned for error.

The complaint not only sets out the plaintiff's grievances and the defendant's acts of cruelty and wrong, the grounds on which she seeks a separation, but an estimate of the value of his real and personal estate.  This was sufficient evidence to warrant the making the allowance and fixing its amount.  *Gaylord* v. *Gaylord*, 4 Jones Eq., 74; *Schonwald* v. *Schonwald*, Phil. Eq., 215.

If the defendant desired to introduce further evidence as to the value of his property and his ability to pay, it should have been offered before the question was decided.  This he did not do, nor offer to do, until the decision was made and announced.  This was not in apt time, and it rested in the sound discretion of the judge to re-open the case for addi-

tional testimony and debate, or to decline to do so. We cannot review the exercise of this discretion. The point was for him and not for us to determine, and his action is conclusive. It may not be improper in us, however, to say we see no indications of undue haste in the manner in which the issue was disposed of, whereof any just complaint can be made.

2. The order itself is said to be harsh in its mode of enforcing payment, and unauthorized by law. The allowance is not a debt within the meaning of the constitution, as contended before us, for which imprisonment is not permitted. It is an order of a competent court, only to be enforced as are other judicial commands when necessary by process of attachment against the person. The power to award the process is inherent in the court, essential to the exercise of its jurisdiction and the maintenance of its authority. Without the ability to compel obedience to its mandates—whether the order be to surrender writings in possession of a party, to execute deeds of conveyance, to pay money, as in the present case, or to perform any other act the court is competent to require to be done—many of its most important and useful functions would be paralyzed. The wilful disobedience of a lawful order is itself criminal, much more so than the non-payment of costs adjudged against a prosecutor in a criminal action, and for which he may be imprisoned. *State* v. *Cannady*, 78 N. C., 539.

But inability to comply with an order, unlike the commitment for costs, is an answer to a rule to enforce it, and when made to appear, discharges from its obligation.

The rule contained in the order in this case and intended to secure compliance, is but an anticipation of the one which would have been granted after the fact of disobedience was made to appear, and is not more severe or stringent in its terms. The payment of the money would render it wholly inoperative. While it is perhaps prema-

ture in assuming that the order will be disregarded by the defendant, and every subsequent proceeding become necessary, we cannot on this account regard it invalid as unwarranted by law.

No error.                                                    Affirmed.