JOHN E. BOYETT v. THADDEUS VAUGHAN.

*Contempt, proceeding in.*

A rule was obtained for alleged contempt in not performing a judgment of court, based upon an affidavit declaring a belief that the respondent "is able and has sufficient means" to do so, but sets forth no facts upon which such belief is grounded; and in answer, the respondent makes affidavit that his inability to perform the judgment results from his misfortune and necessitous condition, and that he has no intention or desire to injure the opposing party or disobey the mandate of the court; *Held*, that the rule must be discharged.

(*Pain* v. *Pain*, 80 N. C., 322; *Baker* v. *Cordon*, 86 N. C., 116, cited and approved).

RULE for contempt heard at October Term, 1883, of THE SUPREME COURT.

BOYETT *v.* VAUGHAN.

*Messrs. Mullen & Moore,* for plaintiff.
*Mr. Thos. N. Hill,* for defendant.

SMITH, C. J.   The former judgment in this cause having been rendered on the rehearing at October term, 1881 (85 N. C., 363), and an order of restitution of the money received, made and served upon the plaintiff without result, the defendant's attorney, at February term last, on his own affidavit, obtained a rule upon the plaintiff to show cause at the present term why he should not be attached for contempt, in failing to make restitution according to the said judgment.

The affidavit, after reciting the foregoing facts and that an execution had been issued to the sheriff, on which he had made return that no property was to be found to satisfy the same, declares affiant's belief "that said Boyett is able and has sufficient means to make restitution as aforesaid," but sets out no facts upon which his belief is founded.

In answer to the rule the plaintiff files his affidavit, in which he states that he has made diligent efforts to perform the judgment of the court, but by reason of his misfortune and necessities, "as he had before explained," he is utterly unable to do so; "that his failure to restore the money which he had before used, after collecting it under the process of the court issued on the first judgment, is unintentional and unavoidable," and does not proceed from any "desire to injure the defendant or to disobey the judgment of this court," and he disavows any intention, in what he has done and is unable to do, to disregard the mandate of the court or to resist its authority.

In our opinion, this is a full response to the rule, and it ought to be discharged.

"Inability to comply with an order," as is said in *Pain* v. *Pain,* 80 N. C., 322, "is an answer to a rule to enforce it, and, when made to appear, discharges from its obligation."   And it is the province of the court itself to determine the facts, while the judge may or may not, at his discretion, avail himself of a jury

and have their verdict upon a disputed and doubtful matter of fact. *Baker* v. *Cordon*, 86 N. C., 116.

In antagonism to the detailed statement of his circumstances and condition made by the plaintiff, we have only the general expression of the belief of the defendant's counsel that the plaintiff " is able and has sufficient means" to comply with the order to repay. This does not present a case calling for a reference of any issue to the jury to determine a controverted fact. The rule must be discharged.

PER CURIAM.                                    Rule discharged.