W. A. SMITH v. B. V. SMITH.

*Contempt for Failure to pay Money into Court.*

Where a party is ordered to pay money into court, or be attached for contempt in failing to do so, and swears that after every effort it is out of his power to pay it, the rule for contempt will be discharged; but where, on a return to the rule, he does not swear that he cannot borrow the money, and does show that he has some personal property, although exempt from seizure under final process for the payment of debts as personal property exemptions, the rule will not be discharged.

(*Kane* v. *Haywood*, 66 N. C., 1; *Pain* v. *Pain*, 80 N. C., 322, cited and approved).

RULE on the defendant to show cause why he should not be attached for contempt for not paying certain money into court which came into his hands as receiver, heard at Spring Term, 1884, of JOHNSTON Superior Court, before *Philips, Judge.*

His Honor discharged the rule, and the plaintiff appealed.

The facts are fully set out in the opinion.

*Mr. T. M. Argo,* for the plaintiff.

No counsel for the defendant.

Smith, C. J.   Pending an action brought in the Superior Court of Johnston, by the Solicitor, upon the guardian bond of W. F. Atkinson, to recover and secure the trust estate in his hands, the defendant B. V. Smith, was appointed receiver to take charge of it, and he entered into bond, with surety for the discharge of his duties as such.   By virtue of his said appointment, moneys were received, and upon a reference and report, there was found to be due from him on October 15, 1882, the sum of $268$\frac{25}{100}$, whereof $185 was principal, and he was adjudged to pay the same into court.

Failing to do so, the present proceeding, at the instance of his surety, the appellant, was instituted and a rule obtained requiring him to show cause why he should not be attached for contempt, in disobeying said orders.

In response, and as showing cause, the following answer was put in:   "B. V. Smith, in answer to the rule to show cause in this action, granted at Fall Term, 1883, says that he has not complied with the order made at Spring Term, 1883, to pay into the court the balance in his hands, because he has not been able to do so; that he has been, ever since said order was made, and for some years prior thereto, insolvent; that he owns no property except a little personal estate of less value than five hundred dollars; that he has a wife and two children to support; that he is steward of the Eastern Insane Asylum near Goldsboro, and has been for over two years; that his entire time is required in the discharge of his duties as such steward; that he receives a salary of five hundred dollars, payable monthly, viz.: forty-one dollars and sixty-six and three-fourths cents, which is scarcely sufficient, with all the economy he can use, to maintain his family; that he has not been able to lay by and save any money from his salary; that he disavows any intention to disregard the mandate of the court, or to resist its authority, and is utterly unable to comply with said order of Spring Term, 1883.

"Whereupon he prays hence to be dismissed.   B. V. Smith."

"Sworn and subscribed before me, this 31st March, 1884.

L. R. Waddell, C. S. C."

The court, upon the hearing, adjudged the answer in return to the rule to be sufficient, and discharged it. From this ruling the surety appeals.

"When a man is ordered to pay money into court," says Pearson, C. J., "and swears that, after every effort, it is out of his power to pay the money or any part of it (in the absence of any suggestion to the contrary), that is an end of the proceeding, for the court will not require an impossibility, or imprison a man perpetually for a debt, he having purged himself of the contempt." *Kane* v. *Haywood*, 66 N. C., 1.

So it was said in a later case that "inability to comply with an order, unlike the commitment for costs, is an answer to a rule to enforce it, and, when made to appear, discharges from its obligation." *Pain* v. *Pain*, 80 N. C., 322.

The appellee has not, in our opinion, fully met the requirements of the rule. He does not attempt to excuse his appropriation to his own use of the funds which he held in trust, and was bound to keep secure. He does not say that he has not credit to enable him to borrow an amount sufficient to replace what he has taken, and he seeks to hold on to what personal estate he has, as an exemption, which he ought not thus to apply. It is true this fund is not accessible to final process for debt, and is under his control, yet it is not more sacred than that which he has converted to his own use. This does not present a case of such inability as to entitle the appellee to exoneration and a discharge.

We do not, therefore, concur in the opinion, that upon this showing the appellee has relieved himself from liability to attachment for contempt, and we must declare the judgment erroneous.

Let this be certified for further proceedings in the court below.

Error.                                                    Reversed.