From a judgment dismissing the action on the ground that the complaint did not state facts sufficient to constitute a cause of action, the defendant appealed.
The complaint was as follows:
"1. That the city of Asheville is a body politic and corporate, duly chartered and organized under and by virtue of an act of the General Assembly of North Carolina, entitled `An Act to amend the charter of the town of Asheville,' ratified 8 March, A. D., 1883, and the acts of which that act is amendatory and the acts amending the same.
"2. That on 4 March, A. D., 1888, the plaintiff was the owner of a certain license privilege and franchise to operate a street railway in the city *Page 427 
of Asheville, commonly known as the Farrinholt Charter, the same being a license privilege and franchise granted by the said The City of Asheville, by an ordinance duly enacted, passed and ratified by the Board of Aldermen of the said The City of Asheville to one (583) L. A. Farrinholt and his associates, and by the said L. A. Farrinholt and his associates assigned to plaintiff, for value. A copy of said ordinance is hereto attached, marked `Exhibit A,' and is hereby made a part of this complaint.
"3. That on said 4 March, A.D. 1888, the plaintiff was and ever since has been the owner of valuable real estate in and near the said city of Asheville, some lots of which lie near Chestnut Street and Merrimon Avenue in said city, and some lots of which lie near Depot Street in said city, and all of which would have been greatly enhanced in value by the building and operating of a street railway on said streets and said avenue, and the greatest, if not the only object the plaintiff had, outside of the general welfare of said city, in purchasing the said Farrinholt charter, was to insure the building and operating of a street railway along said Chestnut and Depot streets and Merrimon Avenue, and the plaintiff in order to prevent the building of other lines of street railroad on only a part of the streets named in the said Farrinholt charter, the building of which would have rendered the building and operating of the street railway on all the streets therein named as aforesaid unprofitable, and in this way would have made it impossible to raise the necessary capital to build a street railroad on the streets therein named as aforesaid, deposited with said city of Asheville the sum of $1,000 as a guarantee that the plaintiff would build or cause to be built a railroad on all of said streets so named as aforesaid (all of which will more fully appear upon reference to said city's receipt for said money, a copy of which is hereto attached and hereby made a part of this complaint), and thereby induced the said city to refuse permission to the parties desiring it to build a railway on only a part of said streets, leaving the said Chestnut and Depot streets and Merrimon Avenue without railroad facilities (the said city being about to grant such permission on the ground that plaintiff, as the said city and said parties alleged, could not (584) command the means to build any road, and that a road on part of said street was better than no road at all).
"4. That in order to accomplish the desire of plaintiff that street railroads should run on all of the streets named in the said Farrinholt charter, and especially that such railroads should be built and operated on said Chestnut and Depot streets and Merrimon Avenue, the plaintiff entered into an agreement and contract with one E. D. Davidson, who, as plaintiff is informed and believes, is insolvent, whereby the said E. D. Davidson, in consideration of the assignment to him of the said Farrinholt *Page 428 
charter, agreed and bound himself to build and operate a street railroad on all the streets named in the said Farrinholt charter, and, in order to insure the faithful performance of said contract on the part of the said E. D. Davidson, the assignment of the said Farrinholt charter was not delivered to him, but was, by agreement with the said E. D. Davidson, delivered to J. G. Martin, to be held by him in escrow, and by him delivered to the said E. D. Davidson only after the said E. D. Davidson had fully complied with his contract in reference to the building and operating of said railroad on said streets named in said Farrinholt charter, and in other respects; and that the said J. G. Martin accepted the trust thus reposed in him, and received the said assignment in escrow for the purposes aforesaid; all of which will more fully appear by reference to a certain writing, a copy of which is hereto attached and hereby made a part of this complaint, and marked `Exhibit C.'
"5. That, notwithstanding the solemn agreement on the part of the said J. G. Martin that he would hold the said assignment for the purposes set forth in said `Exhibit C,' he has long since delivered said assignment to said E. D. Davidson, although as the said J. G. Martin well knew, the said E. D. Davidson had not then, nor has he yet, built or begun to build any street railroad or other railroad on the said Chestnut and Depot streets and Merrimon Avenue, or either of (585) them; and, although no street or other railroad has ever been built or begun by any person or persons, or by any corporation or corporations, on said last named streets or said last named avenue, and the time within which the said E. D. Davidson agreed to build or begin to operate a street railroad on all of the streets named in the said Farrinholt charter having long since expired, the plaintiff has no reason to hope that the said railroad will ever be built on either of said last named streets or on said last named avenue, and, by the breach of trust on the part of the said J. G. Martin hereinbefore set forth, the plaintiff has been greatly damaged.
"6. That the defendant, which is a corporation charted and organized by and under the laws of North Carolina, purchased the said license, privilege and franchise known as the Farrinholt charter, as aforesaid, from the said E. D. Davidson, with full knowledge of all the facts hereinbefore alleged.
"Plaintiff therefore prays judgment that the delivery of the assignment, referred to in the foregoing complaint, by J. G. Martin to E. D. Davidson, be and ever shall be void, and that the plaintiff is the owner of the license privilege and franchise described in the foregoing complaint, and that the defendant be perpetually enjoined from ever using, exercising or operating under the said license privilege and franchise, *Page 429 
and for such other further relief as the facts set forth in the foregoing complaint will warrant."
The case on appeal made out by plaintiff states:
"When the case was called for trial the defendant moved to dismiss the action, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The motion was resisted by plaintiff, and after full argument the court sustained the motion and dismissed the action, holding that the complaint did not state facts sufficient to constitute a cause of action, and the plaintiff excepted and appealed to the Supreme Court.
"Notice of appeal waived. Appeal bond fixed at $25. 10 September, 1892." (586)
His Honor made the following order and statement:
"The case of the appellant Natt Atkinson having been tendered to the defendant, and the exceptions being considered and reviewed, and the case returned to the defendant for a counter statement, and no counter statement being filed, the case as made out and tendered by the appellant is adopted as the case for the Supreme Court.
"JNO. GRAY BYNUM,
"Judge Presiding."
"In the above case my recollection is that the plaintiff asked an appeal, and I intended to tell the clerk to make the entries. If the failure to make the entries was my inadvertence, I cannot allow the plaintiff to be prejudiced by it, especially as no injury can ensue to the defendant. Therefore, the exceptions of the defendant are overruled, and as the defendant asks in his exceptions leave to file counter statement, he has leave to do so. JNO. GRAY BYNUM, "WEBSTER, 29 September, 1892. Judge Presiding."
The so-called "Farrinholt" charter is simply a license by the city to lay down a railway track on certain streets mentioned, granted to individuals named, who, of course, could act as a corporation only upon duly taking out letters of incorporation before the clerk or obtaining a charter from the General Assembly. The question whether such incorporation has been duly obtained, or whether those parties have attempted to exercise corporate functions without it, is not raised in this action, and could not be in this collateral way. *Page 430 
(587) The city authorities were empowered to issue the license. Elliot R. S., 329, 334; Burlington v. R. R., 31 Am. Dec., 145;R. R. v. Richmond, 96 U.S. 521. The complaint avers that it was assigned by the plaintiff, then owner of the license, in escrow to Martin who, in breach of the trust reposed in him, has conveyed it to the defendant, who is endeavoring to operate under it. It was error to hold that a cause of action is not set out.
The case on appeal recites "plaintiff excepted and appealed. Notice of appeal waived." The judge in a memorandum, appearing in the transcript on appeal, says that "his recollection is that the plaintiff asked an appeal, and if the failure to make the entries was his inadvertence, he cannot allow plaintiff to be prejudiced," and grants defendant "leave to file counter statement, as it had asked to do." This, it seems, the defendant did not do, and the judge adopted the case on appeal prepared by appellant. The waiver is neither controverted not is there a denial that an appeal was, in fact, taken, though opportunity was given defendant by leave to file a countercase. There is nothing beyond the bare suggestion in defendant's printed argument or brief that notice of appeal was not served, and that entry of appeal was not made. But this neither denies taking the appeal nor waiver of notice, nor if it did, does it do so in a legal mode. If notice was waived, why should it be served, and if appeal was actually taken, whether it was entered or not becomes less material. If there had been a denial in a legal way and at the proper time of a waiver, the court could not recognize the waiver, unless in writing. Sondley v. Asheville, 112 N.C. 694, in which case there were contradictory affidavits, and the court disregarded the alleged verbal agreement, under Rule 39, and repeated rulings of this Court. Besides, the denial of a waiver should have been made below, and not for the first time by a suggestion in the argument in this Court, and in contradiction of the case on appeal adopted by the judge. (588) Walter v. Scott, 102 N.C. 487, cited in S. v. Price, 110 N.C. 599. Strictly and properly the record should show that the appeal was duly entered, but that is not imperative if it appears, as here, affirmatively that the appeal, in fact, was taken and notice was waived.Fore v. R. R., 101 N.C. 526. Here the case on appeal recites that the defendant excepted and appealed, and that notice of appeal was waived. This not being controverted by the appellee, even if it had not been adopted by the judge, is evidence of those facts. Besides, in addition, the case itself bears date 10 September, 1892, within the time within which the appeal could be taken. This distinguishes this case fromMoore v. Vanderburg, 90 N.C. 10; Wilson v. Seagle, 84 N.C. 112, *Page 431 
and Spence v. Tapscott, 92 N.C. 576; relied on by appellee. The motion to dismiss appeal is denied. In dismissing the action below there was
Error.
Cited: Simmons v. Allison, 119 N.C. 563; Delozier v. Bird, 123 N.C. 692;Barden v. Stickney, 130 N.C. 63.