From the judgment ordering him to be imprisoned for thirty days, the defendant appealed.
The facts are stated in the opinion of Associate Justice Clark.
Prior to the Act of 1883 (ch. 67), which is now incorporated in section 1291 of The Code, the allegations of the complaint and petition were taken as true, for the purposes of the motion for alimony. The only question reviewable on appeal was the sufficiency of plaintiff's allegations. Morris v. Morris, 89 N.C. 109. But by the amendatory act of 1883, the husband, upon a motion for alimony, was permitted to deny the allegations of the complaint by answer or affidavit, and (434) the judge was required to find such of the plaintiff's allegations to be true as would entitle her to the order before granting the same. Lassiter v. Lassiter, 92 N.C. 129. The on appeal the sufficiency of the facts found and not of the plaintiff's complaint was to be considered.
The order for alimony may be made in or out of term, but the defendant must have five days' notice thereof. In the present case the summons was issued and served July, 1891, returnable to the Superior Court of Caldwell County. The complaint duly verified was filed at September Term, 1891. On 1 March, 1892, the plaintiff filed in said court her petition for alimony, and caused the clerk of the court to issue notice to the defendant that she had filed said petition in the cause pending in that court, asking the court to make such order. This was duly served on 3 March. At the term of the court, which was held three or four weeks thereafter the court entered an order reciting, "this cause coming on to be heard, and being heard, and no answer having *Page 319 
been filed to the petition filed by the plaintiff," and directing the payment by defendant, as alimony, of $50 in cash, and $5 at the end of each month till the next term of the court. The plaintiff neither appealed from said order nor obeyed it. He contends that it is void and of no effect — (1) because the notice did not specify a time and place for its hearing, and (2) because the judge did not find the allegations of the complaint to be true.
If, upon such notice, the hearing had been at any other time and place than the regular term of court at which the action was pending, there would be some ground of objection to the order. It would, at least, have been irregular, and should have been set aside, on motion; but when the order was made in the cause and at the term of court, and especially at the term at which the cause stood regularly for trial, the defendant is fixed with notice thereof. Hemphill v. Moore, 104 N.C. 379; Erwin v.Lowery, 64 N.C. 321; Clark's Code (2 Ed.), 651. Notice is required to be given only when the application is heard out of term (435) time. Coor v. Smith, 107 N.C. 430. Application for alimony can be made by a motion in the cause. Reeves v. Reeves, 82 N.C. 348.
The requirement that the judge should find such allegations of the complaint to be true as would entitle the plaintiff to the order was brought into the statute by the amendatory act of 1883, supra, which gave the defendant the right to controvert the allegations of the complaint and petition, and it would seem to apply only when such allegations are controverted. But here they were not denied, and the judge does substantially find them "true and sufficient to entitle plaintiff to alimony" by reciting that no answer was filed, and adjudging that the defendant pay the alimony decreed. It will be noted that the provision of section 1288, that the allegations of the complaint "are deemed denied," applies only to the trial upon the merits, since that section adds that the facts "must be found by a jury." As to the motion for alimony, the facts are found by the judge. Section 1291 of The Code.
The defendant did not see fit to controvert the allegations of fact by a reply under oath, and he cannot be allowed to deny them collaterally by simply refusing to obey the order of the court. There is no hardship in this instance, certainly since such orders can be "modified or vacated atany time, on the application of either party." At any rate, the order was not void. If erroneous, the defendant should have appealed; and, if irregular, his remedy was to have it set aside, but until declared irregular and set aside, it was his duty to obey it.
The defendant's excuse, that he paid no attention to the notice because he thought it concerned the divorce only, which he was willing the plaintiff should obtain, deserves no consideration at the hands of any court. The defendant also avers that he made a motion to set *Page 320 
(436) aside the order, but that owing to other engagements of his counsel and the forgetfulness of one judge, six months elapsed and that he lost another six months because the next judge was engaged the whole term of the court in that county upon the trial of jury cases. It does not appear whether the judge was in fact applied to at that term. But the statute provides that the order may be "modified or vacated at any time," and therefore, of course, such motions, upon notice, may be heard at any place in the district. Parker v. McPhail, 112 N.C. 502. Besides want of diligence in pressing such motion, the defendant presumably has small ground to have the order set aside, since the third judge before whom it has come has failed to grant his motion, and there is no exception, nor appeal. Indeed, his Honor, in effect renewed the order by granting the defendant ten days longer to pay the sum theretofore decreed, and in default thereof sentenced him to imprisonment for contempt.
It was not requisite to find the facts as to the contempt, because, as his Honor properly held, the answer to the rule, taking it to be true, was insufficient, and it being admitted therein that the defendant owned unencumbered personal property more than sufficient to pay said alimony, rightly adjudged him in contempt. Smith v. Smith, 92 N.C. 304. The value of the defendant's earnings was not considered but, if there had been a deficiency of property, should have been negatived to satisfactorily account for his failure to obey the order of the court. The defendant neither answered the petition for alimony, though served with notice by the sheriff, nor appealed from the order made thereon and has not pressed, with any diligence whatever, his motion to set aside the order. Till set aside or modified, it was his duty to obey it. Having failed to do so, he was guilty of a palpable contempt. It did not rest in the good pleasure of the defendant whether he should obey the order of a court of justice or not. If he chose to treat it as (437) a nullity, he did so at his peril, if it should prove, as it has, that it was his opinion, and not the judgment of the court, that was at fault. In the nature of alimony, the order is urgent and exacts prompt observance. The defendant has delayed eighteen months, and though he has applied to three different judges the order has not been set aside, yet he still has not obeyed it.
The sentence of thirty days imprisonment for wilful disobedience of the order of the court is
Affirmed.
Cited: Moore v. Moore, 130 N.C. 334; School v. Peirce, 163 N.C. 426;Jones v. Jones, 173 N.C. 283; White v. White, 179 N.C. 597. *Page 321