T M. DELOZIER v. R. L. and J. BIRD

(Decided December 20, 1898.)

*Appeal—Practice—Contempt.*

1. A motion by appellee in the Supreme Court to dismiss the appeal because not taken in time will not be entertained when the judgment, appealed from, states that the appeal was taken—it must necessarily have been in time. .

2. Neither will a similar motion be allowed because no exceptions are filed. The appeal itself is a sufficient exception to the judgment rendered upon the facts as found by the Court.

3. The advice of counsel is no protection to an intentional violation of the orders of the Court placing property in possession of a receiver —and may subject counsel themselves giving such advice to proceedings for contempt. .

4. An appeal is the proper remedy for a supposed erroneous order, and not a violation of it. .        · · .

5. While the Court may not punish a contempt already committed by indefinite imprisonment, it may enforce obedience to its order of . restitution by imprisonment until complied with.

CIVIL ACTION. pending in the Superior Court of SWAIN County for the recovery of land. One W. A. Euloe was appointed receiver and was put in possession of the property by order of Court. Upon application to the Court, a rule and order to show cause was issued against the plaintiff and three other persons, why they should not be attached for contempt for entering upon, injuring and forcibly holding possession of the premises, in defiance of the orders of the Court.

The rule came on to be heard before *Hoke, J.,* at Spring Term, 1898, of the Superior Court of Swain County. His Honor made an order of attachment after finding the facts stated therein, as follows:

123—44

DELOZIER v. BIRD.

The Court being organized the following proceedings are had:

North Carolina, Superior Court, Spring Term, 1898, Swain County:

T. M. DELOZIER,    } Order of attachment for
          vs.           {
R. L. & JONATHAN BIRD. } contempt.

This motion coming on to be heard at Spring Term, 1898, of Swain Superior Court before his Honor W. A. Hoke, Judge, and it appearing that an order was made at Chambers at Marshall in Madison County, N. C., before his Honor Judge Hoke ordering T. M. Delozier, Holmes Patterson, and John Painter to appear before his Honor at Chambers in Asheville, N. C., on the 15th day of March, 1898, and it further appearing that said Delozier, Patterson and Painter had been duly served with said order and said motion having been continued to be heard at Bryson City, N. C., and the said Delozier, Patterson and Painter having appeared and answered, the Court finds the following facts:

I. The defendant, J. Bird, was landlord and in possession of all the land in controversy, the same was all under one fence and in same enclosure with the residence where J. Bird resided, and in one hundred and fifty yards of same.

II. That said lands were in possession and control of the Court by its receiver, W. A. Enloe, as shown by the order appointing said Enloe receiver.

III. That the plaintiff, T. M. Delozier and Holmes Patterson and John Painter, entered on the premises in the night-time and took possession of said property so in the custody and control of the Court, and holds

the possession of same by force and in defiance of the orders of this Court.

IV. That they have torn down the dwelling house which was on said land and removed the same from the premises and have committed other spoil and injury to said property.

V. Plaintiffs acted under advice from counsel and have disclaimed any intentional contempt or disobedience of Court's orders.  It is therefore considered, ordered and adjudged by the Court that said plaintiff, T. M. Delozier, and Holmes Patterson, and John Painter are in contempt of this Court and that they be and they are hereby attached for contempt of court, that they restore said house to said property in the same plight and condition as it was before the wrongful and unlawful acts of them in tearing same down and that they turn over and deliver possession of said property immediately to defendant, J. Bird, to be held by him subject and under the orders of the receiver heretofore appointed, and that said Delozier, Patterson and Painter, their agents, attorneys, their aiders and abettors be and they are hereby committed to the common jail of Swain County till they comply with all things and all the orders of this Court, and they be and they are hereby enjoined from trespassing or otherwise interfering with said property.  It is further ordered by the Court that when they shall make it appear that they in all things have complied with the orders of the Court this attachment for contempt may be dissolved.  This may be done before any Judge of the Superior Court in the 12th Judicial District at Chambers, but they must first give the defendant, J. Bird, due notice of any intention to move to dissolve same.

From this order the said Delozier, Patterson and

Painter appealed to the Supreme Court—appeal bond fixed at $25 and the bond for appearance and obedience to this order is taxed at $200.00. Capias ordered to issue—Capias not to issue for 10 days and not then, if parties show they have in all things complied with order of Court.

W. A. HOKE,
*Judge Presiding.*

Parties under rule, plaintiff and others, except to order attaching for contempt and appeal to the Supreme Court. Appeal bond fixed by Court at $25.00.

*Messrs. Davidson & Jones*, for appellee.
Appellant not represented in this Court.

CLARK, J.: The record must show that notice of appeal was served, unless it affirmatively appear that the appeal was taken in open Court. *Investment Co.* v. *Kelly*, at this term. If this were not so, there would be a presumption that notice of appeal was given, when on the contrary it must appear from the record in order to constitute the appeal in this Court. *Howell* v. *Jones*, 109 N. C., 102, and cases there cited. But, here, the findings of fact and the judgment thereon, which constitute the case on appeal, state that the appeal was taken. This necessarily shows that it was taken in time. *Atkinson* v. *Ry. Co.*, 113 N. C., 581.

Neither do we find any force in the objection that no exceptions are filed. The appeal is itself a sufficient exception to the judgment which is rendered upon the findings of fact by the Court. *Cumming* v. *Huffman*, 113 N. C., 267. The motion of the appellee to dismiss upon the above grounds is denied.

This is an appeal from a judgment in contempt.

From the facts found by the Judge it appears that the plaintiff in the cause and the other two appellants, aiding him, entered in the night time upon the premises which by an order in the cause were in the possession and control of the court through its receiver, theretofore duly appointed in this action, and hold possession of the same by force and in defiance of the orders of the Court; that they have torn down and removed the dwelling house which was on the premises, and have committed other spoil and injury to the premises and property. The said Delozier and his two associates appeared in response to the notice served upon them, and replied that they acted under advice of counsel and disclaimed any intentional contempt or disobedience of the orders of the Court. Thereupon the Court adjudged them in contempt till they restore the house to said premises in the same condition as before their wrongful tearing down and removing the same, and that they turn over the premises to the defendant to be held by him subject to and under the orders of said receiver, and, if this order is not obeyed within ten days, said parties to be committed to the common jail of the county until they shall comply with the above order, with leave to move before any Judge at Chambers in that Judicial District, upon notice to the defendant, to have the attachment for contempt dissolved upon showing compliance with this order.

From this order the respondents appealed, but they do not appear here and show any cause why it should be held invalid in any respect, and upon examination of the record we find none.

The plaintiff was fixed with a knowledge of the order appointing a receiver to take charge of the property, the entrance in the night time to get possession was sig-

nificant, and when ordered to restore the possession of the premises to the receivers, the respondents merely content themselves with saying they acted under advice of counsel and intended no intentional contempt of the Court, and they do not show any inability to return the house. The failure to obey the order of the Court to restore the possession of the premises to the receiver is a direct contempt. *State* v. *Davis*, 49 N. C., 449; *Code*, Section 648 (4). This is also true as to the return of the house unless evidence of inability to comply has been shown. *Boyette* v. *Vaughan*, 89 N. C., 27; *Smith* v. *Smith*, 92 N. C., 304; *Pain* v. *Pain*, 80 N. C., 322.

The advice of counsel is no protection to an intentional violation of the orders of the Court placing the property in possession of the receiver (*Green* v. *Griffin*, 95 N. C. 50; *Baker* v. *Cordon*, 86 N. C., 116) and counsel in such cases advising violation of the orders of a Court may become guilty of contempt himself. The remedy for a supposed erroneous order of a Court is by an appeal and not by a forcible violation of it.

While the Court could not punish the contempt already committed, by imprisonment of indefinite duration, it had the right to coerce obedience to its order of restitution by imprisoning the contumacious parties until they shall comply. *Cromartie* v. *Commissioners*, 85 N. C., 211; *Thompson* v. *Onley*, 96 N. C., 9.

No error.