## PEARL ALLEN v. J. N. ALLEN.

(Filed 1 December, 1920.)

**1. Divorce—Marriage— Alimony— "Subsistence" — Statutes— Attorney's Fees.**

Ch. 24, Laws of 1919, amending sec. 1567 of the Revisal, in reference to alimony or support, provides, in the sound discretion of the court, for an order for the necessary "subsistence" of the wife *pendente lite*, and supersedes the allowance for alimony, which latter included an allowance for attorney's fees, and under the amendment an allowance for attorney's fees is not permissible.

**2. Divorce—Marriage—"Subsistence"—Alimony—Defenses—Statutes.**

Under the provisions of ch. 24, Laws of 1919, amending sec. 1567 of the Revisal, it is immaterial what counter charges the defendant makes against the plaintiff, his wife, in her application for her necessary "subsistence" *pendente lite*, for if he has separated from her, he must support her according to his means and condition in life, taking into consideration the separate estate of his wife, until the issue has been submitted to the jury.

CLARK, C. J., concurring in part; ALLEN, J., dissenting; WALKER, J., concurring in the dissenting opinion.

APPEAL by defendant from order of *Ray, J.,* on 10 May, 1920, from ROCKINGHAM.

This is a proceeding commenced under ch. 24 of the Public Laws of 1919, amendatory of sec. 1567 of the Revisal, for the purpose of securing to the plaintiff subsistence for herself and children, together with counsel fees. From an order allowing subsistence and counsel fees, made by his Honor, Judge Ray, in the Superior Court of Rockingham County, the defendant appeals.

*J. M. Sharp and P. W. Glidewell for plaintiff.*
*J. C. Brown and C. O. McMichael for defendant.*

BROWN, J. The judge made an allowance to the plaintiff for subsistence of $200 on 1 April, 1920, upon due notice. No exception was taken to this allowance, and it was paid in full by the defendant. The case was then continued for further hearing until 11 May, 1920, to be heard at the courthouse in Wentworth. At that time an allowance was made to the plaintiff of $75 for herself and children, together with $250 attorneys' fees in addition. In his first order the judge finds as a fact: "That the defendant has-left the plaintiff, and has taken from her without legal process the four older children, and has failed and refused to support the said plaintiff, and has refused to let her see the said four children, and has taken under claim and delivery all the household and

30—180

kitchen furniture and provisions, and has locked them up; and it further appearing to the court that the baby, two years old, is still with the plaintiff, and that the defendant is trying to, without legal process, take that child from the plaintiff."

Upon this finding we are of opinion that the plaintiff is entitled to an allowance for necessary subsistence pending the action and until the issues can be determined by a jury. In our judgment it is immaterial what counter charges the defendant makes against the plaintiff. If he has separated from her, he must support her according to his means and condition in life, taking into consideration the separate estate of the wife, until the issues can be determined by a jury. The sum allowed for subsistence must be left to the sound discretion of the Superior Court judge, and there is no evidence of an abuse of such discretion in this case.

The act of 1919 is plainly intended to supersede the statute heretofore regulating alimony *pendente lite,* and consequently all the decisions bearing thereon are of no value. The Legislature has carefully avoided the use of the word "alimony" anywhere in the statute. Counsel fees have heretofore been allowed as comprehended under the term *alimony* because they were necessary in order to enable the wife to prosecute her action. But in this statute the word *subsistence* is used and the word *alimony* omitted, and there is no provision whatever that we can find authorizing the allowance of counsel fees in a proceeding brought under the statute.

We are of opinion that the order allowing subsistence should be affirmed, and that the order allowing counsel fees should be reversed.

Modified and affirmed.

CLARK, C. J., concurring in part: There are but two assignments of error. The first is that the court allowed alimony *pendente lite* in a proceeding under Rev., 1567, authorizing "actions for alimony without divorce." There had been decisions of this Court that alimony *pendente lite* was not authorized in actions brought under that section, but was allowable only in actions brought under Rev., 1566, in actions for divorce. But to cure this defect, ch. 24, Laws 1919, expressly provides that in actions like this under Rev., 1567 for "alimony without divorce," alimony *pendente lite* could be allowed in the discretion of the court. This chapter must have escaped the attention of the appellant's counsel.

The only other assignment of error is that the judge "signed the order" for which no grounds are given, neither in the exception itself nor in the assignment of error, and therefore it is invalid.

There is an exception urged, however, that the judge did not find the facts upon which he based his order. The fact of abandonment is, however, *expressly found,* and that of marriage is admitted, which are

the two facts required to be found as the basis for an allowance *pendente lite* under Rev., 1566. *Skittletharpe v. Skittletharpe,* 130 N. C., 72, and *Bidwell v. Bidwell,* 139 N. C., 402. · Besides, under the language in Rev., 1567, the judge is not required to "find the facts" as he is required to do under proceedings in 1566 by the language thereof.

The recriminatory allegations in the answer are not to be considered in a motion of alimony *pendente lite* when there has been a marriage and abandonment, as is well stated by *Hoke, J.,* in *Medlin v. Medlin,* 175 N. C., 530; *Skittletharpe v. Skittletharpe,* and *Bidwell v. Bidwell, supra.*

Up to ch. 53, Laws 1852, alimony *pendente lite* was not allowed in actions for divorce, *Earp v. Earp,* 54 N. C., 119. But the humanity of that day revolted at this injustice, and authorized such an allowance, in the discretion of the court.

The Laws 1872, ch. 193, authorized the wife to sue for alimony, without asking for divorce. *Cram v. Cram,* 116 N. C., 288. It was subsequently ascertained that this latter act inadvertently failed to authorize the allowance of alimony *pendente lite* in that proceeding, and this defect was cured by the enactment of ch. 24, Laws 1919.

The above is the history of "alimony *pendente lite*" in this State. But it must be noted that "counsel fees and suit money" were allowed as costs before, and are not derived from the allowance of alimony, which word comes from the Latin *alimentum,* and means simply an allowance for subsistence, and is statutory.

Counsel fees and suit money have been allowed from time immemorial, and do not come under any provision for alimony, 19 C. J., 226, 227, and notes; and the power to make such allowance exists irrespective of statutory authority. 19 C. J., 228; 21 Cyc., 1604, and cases there cited. Such an allowance rests upon the principle that in every action between the husband and wife, the husband is liable for "costs" in any event, and the wife is allowed counsel fees and suit money for costs "to enable her to bring her case in court," without which the right to bring an action against her husband would be illusory and a mockery. 1 R. C. L., 909-912. The amount of such allowance has always rested in the discretion of the court, and cannot be reviewed "unless there is clearly an abuse of discretion." The amount of alimony is also discretionary with the trial judge unless there is a gross abuse of discretion. The whole subject is reviewed, with the citations of our authorities, in *Moore v. Moore,* 130 N. C., 333, also see citations to that case in Anno. Ed., and *Jones v. Jones,* 173 N. C., 285, and cases there cited.

A wife, engaged in household duties, bearing and rearing children, and being often the cook for the family also, receives no wages and has no opportunity for gainful occupation, and hence it is elemental justice

that she be allowed a reasonable sum for counsel fees and court costs·to enable her "to present her side in court," which has always been allowed by the courts, and also the statute now provides alimony *pendente lite* when she has not sufficient property of her own so that she may not starve while having the merits of her alleged wrongs investigated by a judge and jury.

Especially should she be so allowed, when, as the judge found as facts in this case, the husband has stripped her of a home, locked up the provisions, household and kitchen furniture, and by his recriminatory charges seeks to blast the character utterly of the mother of his six children. Whether his charges are true or not, only a jury can decide, and she should have a "square deal" to defend herself by an allowance for counsel fees and subsistence till the facts are determined. This is what the acts of 1852 and 1919, *supra*, now C. S., 1666, 1667, provide.

ALLEN, J., dissenting: This is an action by the wife against the husband for support without divorce, brought under sec. 1567 of the Revisal, as amended by ch. 24 of the Laws of 1919.

After the action was commenced the plaintiff moved upon notice for an order for support and counsel fees, which motion was supported by the affidavit of the plaintiff alleging various acts of cruelty and mistreatment, failure of support by the defendant, and abandonment.

At the time when the motion was returnable the defendant was not able to be present, and upon request the motion was continued to a future date, the judge requiring the defendant to pay $200 to the plaintiff, which was done, and in this order there are certain recitals which will be hereafter referred to.

Afterwards the husband appeared and filed an affidavit in which he denied all of the material allegations in the affidavit of the plaintiff, and particularly that he had separated himself from his wife, and on the contrary alleged that she had abandoned her home.

He also alleged that the plaintiff had been cruel and abusive in her treatment of him, that she had refused to attend to the duties of the home and that she was guilty of acts of infidelity. He also introduced supporting affidavits from a number of citizens showing that he had been kind and considerate, that he was a man of good character, and that the plaintiff was a woman of bad character, that he had provided for his wife and children, and that she had abandoned him.

There were also six affidavits supporting the charge of infidelity.

The plaintiff introduced five affidavits as to her good character, but all of them except one referred to her character when she was a young woman.

Upon the hearing his Honor made the following order:

"This cause coming on to be heard before his Honor, J. Bis Ray, judge presiding, 11th Judicial District, and being heard upon allegations of the complaint, answer, and affidavits, and after argument of counsel the court finds as a fact that upon the allegations of the complaint, and the proof the plaintiff would be entitled to a divorce from bed and board, and is entitled to *alimony pendente lite* and attorney's fees; it is therefore ordered that the defendant secure to the plaintiff $75 as alimony until further order of the court, and $250 attorney's fees, in addition to the alimony herein allowed.   This 17 May, 1920.             J. BIS RAY,
                                                            *Judge Presiding."*

The defendant excepted and appealed.

In actions for divorce from the bonds of matrimony or from bed and board, if the wife "shall set forth in her complaint such facts, which upon application for alimony shall be found by the judge to be true and to entitle her to the relief demanded in the complaint, and it shall appear to the judge of such court, either in or out of term, by the affidavit of the complaint, or other proof, that she has not sufficient means whereof to subsist during the prosecution of the suit, and to defray the necessary and proper expenses thereof, the judge may order the husband to pay her such alimony during the pendency of the suit as shall appear to him just and proper, having regard to the circumstances of the parties." Rev., 1566.

"The judge must find the essential and issuable facts, and set them out in detail so that his court can determine from the facts as found whether the order for alimony can be upheld as the correct legal conclusion. . . . These findings, and the order predicated thereon, are not finally conclusive on the parties nor receivable in evidence on the trial of the issues before the jury, unless modified on further notice and hearing, they are conclusive for the purposes of the motion, and operating as they do presently to deprive a defendant of his property, they should be decided and set out in conclusive form and in such detail that the appellate court, as stated, may be able to determine whether they justify the order made." *Easeley v. Easeley,* 173 N. C., 531.

It was held in the *Easeley case* that a finding by the judge that the "plaintiff had made out a *prima facie case* on the issue of abandonment" was insufficient to support an order for alimony, and that the judge must "find and set out the relevant facts." The finding in this case that "upon the allegations of the complaint and the proof the plaintiff would be entitled to a divorce from bed and board" is not more specific than the one condemned in the *Easeley case.*

If, however, the action was for support alone, and not for divorce (Rev., 1567), which is the action now before us, no order for alimony

*pendente lite* could be made prior to ch. 24, Laws of 1919. *Hodges v. Hodges,* 82 N. C., 122, approved in *Crews v. Crews,* 175 N. C., 171.

In the latter action the only issuable facts were: "(1) As to whether the marriage relation existed at the time of the institution of the proceeding; (2) whether the husband separated himself from his wife," and the reasons and excuses of the husband for the separation were irrelevant, the Court holding that the husband could not defeat the action for support by proof of the infidelity of the wife, but must wait and seek his remedy in an action for divorce, when, if successful, he would be relieved of the order for support, which was not final.

If the marriage and separation of the husband were admitted, the judge made the order for support after hearing both parties, but if either was denied, no order could be made until the controverted fact was settled by a jury. These principles are discussed and settled in *Skittletharpe v. Skittletharpe,* 130 N. C., 72; *Hooper v. Hooper,* 164 N. C., 2; *Crews v. Crews,* 175 N. C., 171.

In 1919 (ch. 24, Laws 1919) the statute permitting actions for support without divorce was changed very materially by substituting the following for sec. 1567 of the Revisal:

"If any husband shall separate himself from his wife and fail to provide her and the children of the marriage with the necessary subsistence according to his means and condition in life, or if he shall be a drunkard or spendthrift, or be guilty of any misconduct or acts that would be or constitute cause for divorce, either absolute or from bed and board, the wife may institute an action in the Superior Court of the county in which the cause of action arose to have a reasonable subsistence allotted and paid or secured to her from the estate or earnings of her husband. Pending the trial and final determination of the issues involved in such action, and also after they are determined, if finally determined, in favor of the wife, such wife may make application to the resident judge of the Superior Court, or the judge holding the Superior Court of the district in which the action was brought, for an allowance for such subsistence, and it shall be lawful for such judge to cause the husband to secure so much of his estate, or to pay so much of his earnings, or both, as may be proper, according to his condition and circumstances, for the benefit of his said wife and the children of the marriage, having regard also to the saparate estate of the wife: *Provided,* that no order for such allowance shall be made unless the husband shall have had five days notice thereof. Such application may be heard in or out of term, orally or upon affidavit, or either or both." (Certain parts not material omitted.)

The statute does not change the issuable facts in actions for support, nor does it affect the principle that these must be passed on by a jury

before a judgment can be rendered, but it does permit the judge to make an order for subsistence of the wife and children during the pendency of the action, thus conforming the procedure to applications for alimony *pendente lite* in actions for divorce, and, as on such applications, the material facts of marriage and separation by the husband must be found by the judge as a basis for his order, which findings are not conclusive on the parties nor receivable in evidence on the trial of the issues before the jury.

There is, however, a marked difference in the order, which may be made in actions for divorce, and in those for support.

In the first, when the wife makes it appear "that she has not sufficient means whereon to subsist during the prosecution of the suit, and to defray the necessary and proper expenses thereof the judge may order the husband to pay her such alimony during the pendency of the suit," etc., and such alimony includes counsel fees, but in the second under the act of 1919, the application is for an allowance for subsistence alone, without reference to the expenses of suit, alimony is not mentioned, and the order is for subsistence for the benefit of the wife and children.

When the act of 1919 was adopted, the General Assembly knew that in actions for divorce the wife must show that she did not have sufficient means to defray the expenses of suit, and that authority to order alimony included counsel fees. It was also known that in actions for support no order for subsistence or counsel fees could be made *pendente lite,* and, with a knowledge of these facts, having restricted the amendatory act to subsistence, we cannot extend its meaning to include the fees of an attorney, when the General Assembly has declined to do so.

Applying these principles, the order appealed from should, I think, be set aside, because it allows attorney's fees in an action for support, which is without authority of law, and there is no finding of fact, although the answer of the defendant denies that he has separated from the plaintiff, and, on the contrary, alleges that the plaintiff has willfully abandoned him, which, if true, would not come within the meaning of the statute, which allows an order to be made if the husband "shall separate himself from his wife."

It is true it is recited in a prior order that the defendant had left the plaintiff, which might be sufficient, but the order from which the appeal is taken does not purport to be based on that order, which was made before the answer was filed and before the defendant had been heard on a motion for a continuance, "without prejudice to the rights of either party upon the final hearing," and the recitals were for the purposes of the former order and should have no bearing on this appeal.

As I understand the record, the material fact that the defendant has separated himself from his wife, which means more than living apart, has not been made, and without such finding no order for support or counsel fees should be sustained.

WALKER, J., concurs in this result.