### NETA MOORE v. JAMES W. MOORE.

#### (Filed 18 April, 1923.)

**1. Husband and Wife—Alimony Without Divorce—Statutes—Contract of Separation—Assumption of Marital Relations—Courts—Finding of Facts.**

Where it is urged for the defendant upon his wife's application for alimony without divorce, C. S., 1667, that he and his wife had entered into a contract of separation and had not thereafter resumed the marital relation, it is competent for the husband to show the matters he relies upon his defense, but it is for the trial judge to decide the truth of the matter upon all of the evidence, though his findings are not to be received as evidence, by the jury passing upon the issue properly presented to them at the trial of the case.

**2. Same—Appeal and Error—Record—Certificate of Probate.**

Where the defendant resists his wife's application for alimony without divorce, C. S., 1667, upon the ground that there was still in effect a valid contract of separation they both had executed, and appeals from an adverse decision of the trial judge hearing the matter, the record on appeal should set out the writing of separation so that the Supreme Court may determine whether it was reasonable, just and fair to the wife, and whether in taking her acknowledgment the officer had properly certified that it was not unreasonable or injurious to her, as the Statute requires. C. S., 2515.

**3. Husband and Wife—"Subsistence"—Alimony—Attorneys' Fees—Statutes—Amendments.**

While the allowance to be made by the judge for the "subsistence" of the wife from the earnings or estate of her husband, under the provisions of C. S., 1667, in her application for alimony without divorce, is not regarded as synonymous with "alimony" and does not in terms include the allowance for attorney's fees, by recent statutory amendment the court may now allow her attorney's fees.

**4. Appeal and Error—Record—Case on Appeal—Conflicting Statements—Findings of Fact—Judgments.**

Where the record proper and the statement of the case on appeal are contradictory the record will control.

APPLICATION for alimony without divorce under C. S., 1667, heard by *Harding, J.,* at September Term, 1922, of GUILFORD.

Judgment for the plaintiff. Defendant appealed.

*Wilson & Frazier and Bynum, Hobgood & Alderman for defendant.*

ADAMS, J. The plaintiff and the defendant intermarried on 12 September, 1912. Thereafter the plaintiff brought suit in the Superior Court for alimony, alleging certain acts of cruelty on the part of the defendant, and 18 January, 1922, the parties agreed upon and mutually executed a deed of separation and a nonsuit was taken in the pending action. The case at bar was instituted on 31 May, 1922. In her complaint the plaintiff alleges that the defendant fraudulently induced her to sign the deed of separation, that he paid her $400 in accordance with the terms of the deed, more than half of which she returned to him immediately afterwards upon his promise to live with her in the relation of husband, and that they lived together as man and wife from 18 January to 7 March, 1922, when the defendant wilfully abandoned her, refusing to contribute anything to her support. The defendant denies almost all the material allegations of the complaint and particularly pleads the former judgment and the deed of separation in bar of the plaintiff's recovery.

The judge made an order allowing the plaintiff $35 a month *pendente lite* and $200 as counsel fees. The defendant contends that this order is invalid and unenforceable on two grounds: (1) the court was without power to render the judgment; (2) the judge did not find any facts upon which the order was made to rest.

1. As the basis of the first objection the defendant contends that the deed of separation terminated the marital relation, or at any rate that the defendant denies reassumption of the marital relation after the deed was executed and that the undenied existence of the marital relation is essential to the maintenance of the plaintiff's suit.

The doctrine announced in *Collins v. Collins,* 62 N. C., 153, has not uniformly been adhered to in the later decisions (*Sparks v. Sparks,* 94 N. C., 527; *Archbell v. Archbell,* 158 N. C., 409); but in relation to this position of the defendant there are several things suggested by the record that should not be overlooked. In the first place the deed of separation is not made a part of the complaint or answer and we have no present means of ascertaining its exact contents or of knowing whether the alleged agreement was reasonable, just and fair to the plaintiff when considered with due regard to the circumstances of the parties at the time it was made, or whether upon the examination of the plaintiff it appeared that she had freely executed and consented to the agreement and that such agreement was not unreasonable or injurious to her. C. S., 2515; *Archbell v. Archbell, supra.* Moreover, the plaintiff expressly alleges not only that the defendant fraudulently procured her execution of the articles of separation but that immediately

after affixing her signature, while she and the defendant were going in his car to the place of her residence, they effected a complete reconciliation of their differences and agreed thereafter to observe the marriage relation and live together as husband and wife. It is insisted in behalf of the plaintiff that the separation never actually took place and that the deed for this reason, even in the absence of fraud, is of no effect. See authorities cited in note to *Stephenson v. Osborne,* 90 Am. Dec., 367. We need not discuss this proposition, however, for it has been definitely decided that if the parties resume the conjugal relation the agreement is thereby rescinded. *Smith v. King,* 107 N. C., 273; *Archbell v. Archbell, supra.* "It is now well established as a general rule that a separation agreement is terminated for every purpose, in so far as it remains executory and contemplates the living apart of the spouses, where the parties subsequently becomes reconciled and return to cohabitation, and the duration of the reconciliation is immaterial." 9 R. C. L., 534 (355). If the restoration of the marriage relation rescinds the agreement the husband upon such restoration is charged with the legal duty of providing support for his wife. True, all the issues raised by the pleadings may ultimately be determined by the jury—including of course, the question of the present marital relation—but in an application for subsistence as well as for alimony the judge finds the facts.

We are aware that prior to the act of 1883, C. S., 67, in an application for alimony the complaint was taken to be true and that in *Zimmerman v. Zimmerman,* 113 N. C., 433, the Court said: "The requirement that the judge should find such allegations of the complaint to be true as would entitle the plaintiff to the order was brought into the statute by the amendatory act of 1883," and further, that the terms of the amendatory act are omitted from sec. 1667; but this section evidently contemplates the right of the defendant to be heard in opposition to the plaintiff's motion, and in *Allen v. Allen,* 180 N. C., 465, was apparently so construed. In the dissenting opinion in this case the practice in reference to finding the facts under sec. 1667 and other sections is pointed out by *Allen, J.*

From the evidence introduced the judge finds the facts for the purposes of the motion, but the facts so found are not conclusive on the parties nor receivable in evidence on the trial of the issues. And in the instant case his Honor complied with this requirement by finding from the pleadings and the affidavits offered in evidence that the facts were as alleged by the plaintiff. *Morris v. Morris,* 89 N. C., 113; *Lassiter v. Lassiter,* 92 N. C., 129; *Moody v. Moody,* 118 N. C., 926; *Barker v. Barker,* 136 N. C., 317; *Garsed v. Garsed,* 170 N. C., 672; *Easeley v. Easeley,* 173 N. C., 530; *Allen v. Allen, supra.*

MOORE *v.* MOORE.

Section 1667 of the Consolidated Statutes contains this paragraph: "Pending the trial and final determination of the issues involved in such action, and also after they are determined, if finally determined, in favor of the wife, such wife may make application to the resident judge of the Superior Court, or the judge holding the Superior Courts of the district in which the action is brought, for an allowance for such subsistence, and it shall be lawful for such judge to cause the husband to secure so much of his estate or to pay so much of his earnings, or both, as may be proper, according to his condition and circumstances, for the benefit of his said wife and the children of the marriage, having regard also to the separate estate of the wife."

In *Allen v. Allen, supra,* the Court held that while the sum allowed for subsistence must be left to the sound discretion of the trial judge the word "subsistence" is not synonymous with "alimony" and is not sufficiently comprehensive to include the fees of counsel, but probably in consequence of this decision the General Assembly at the session of 1921 amended sec. 1667 as to provide for counsel fees as well as subsistence. Public Laws 1921, ch. 123. *Anderson v. Anderson,* 183 N. C., 141.

2. The defendant objects to the judgment on the ground that his Honor's finding of facts was made after the original judgment had been signed and after the defendant had given notice of his appeal.

The judgment and the finding of facts consist of two separate papers, each of which was signed by the judge. It is not denied that the paper marked "judgment" was signed on 9 October, 1922, or that the statement of the case on appeal represents the finding of facts to have been signed on 21 October, 1922. However, in the record proper the paper referred to as the finding of facts bears the caption, "Finding of Facts and Order (Sept. Term, 1922)." From the record it appears that the facts were found before the judgment was rendered; and the record and the statement of the case on appeal are in this respect inconsistent. Under these circumstances the record prevails. "Where there is a discrepancy between the case on appeal and the transcript of record proper, the statements in the transcript of the record proper must be taken to be correct, and the court must be governed by that." *Farmer v. Willard,* 75 N. C., 401; *S. v. Keeter,* 80 N. C., 472; *Adrian v. Shaw,* 84 N. C., 832; *McCanless v. Flinchum,* 98 N. C., 358; *S. v. Carlton,* 107 N. C., 956; *S. v. Truesdale,* 125 N. C., 696; *S. v. Wheeler,* at this term.

Observing a long line of decisions to this effect we must hold that when tested by the record proper the finding of facts preceded the date of the judgment and presumably was the basis of the judgment rendered in the cause.

We find no error which entitles the defendant to another hearing on the questions involved in his appeal.

No error.