R. H. SIMMONS, et al. v. ALEXANDER ALLISON, et al.

*Practice—Appeal—Notice and Entry of Appeal—Printing Record on Appeal.*

1. Where notice of appeal and entry thereof on the docket were both made within ten days after adjournment of the court at which judgment was rendered, it is immaterial that the entry was made after notice given, the entry being required only as record proof of the notice.

2. Where the sole question involved in an appeal is whether the judgment appealed from is in conformity with the opinion of this Court in a former appeal in the same case, it is not necessary that the transcript should contain any part of the record other than the formal recitals showing that the court was properly constituted and held, the proceedings had subsequent to the filing of the opinion of this Court, and the exceptions made to such subsequent proceedings.

3. Where a fund in the hands of a receiver appointed in an action has been adjudged by this Court to be paid over to the plaintiffs, it cannot concern the defendants in what manner the court below shall divide it among the plaintiffs.

4. An allowance to a receiver is a part of the costs of the action and usually taxable against the losing party, but the Court below may, in its discretion, divide it between the parties, as in case of referee's fees.

5. Where, during the pendency of an equitable proceeding (not an action of ejectment) to determine which of two sets of trustees, representing different church organizations, is entitled to control church property, the possession has been placed by agreement in a receiver, it is error to direct the assessment of damages in the nature of *mesne* profits in ejectment in favor of the prevailing parties.

CIVIL ACTION, heard before *Bryan, J.,* at June Term, 1896, of Mecklenburg Superior Court.

Upon the certification below of the opinion of the Supreme Court in the cases reported in 118 N. C., 763,

SIMMONS v. ALLISON.

his Honor, upon motion of plaintiffs' attorneys, rendered the following judgments in the two cases between the parties:

"NORTH CAROLINA, } Superior Court, June term,'96.
MECKLENBURG COUNTY.

" R. H. SIMMONS and others, Plaintiffs,

v.

ALEXANDER ALLISON and others, Defendants.

" In this case it is ordered that Z. T. Smith, receiver, retain out of the rents collected by him from R. H. Simmons for the parsonage the sum of one hundred and twenty-five dollars, being the allowance made to him for his own compensation and attorneys' fees, and pay the balance of said fund to R. H. Simmons, it appearing to the court that the said Simmons, as pastor of the church known as Clinton Chapel, was to occupy said parsonage free of rent, as a part of his compensation as pastor, and is therefore entitled to said balance. The judgment of this Court at this Term in the above-entitled case will be amended so as to embrace this order, and the sum so retained by the receiver, to-wit, one hundred and twenty-five dollars, will be taxed in the costs by the clerk and paid to plaintiff, R. H. Simmons, when collected.

" HENRY R. BRYAN."

"NORTH CAROLINA, } Superior Court.
MECKLENBURG COUNTY.

" R. H. SIMMONS & others, PLAINTIFFS, } Judgment in prin-
v.                                      } cipal case. Appeal
ALEXANDER ALLISON & others, Def't's. } fr' Judge GRAHAM.

"This case coming on to be heard upon the certificate of the Supreme Court transmitted to this Court, and it appearing therefrom that the petition to rehear the former judgment of the Supreme Court in the appeal in this case has been dismissed, and the former judgment of

this Court rendered by this Court at March Term, 1895, Judge GRAHAM presiding, and affirmed by this Court upon certificate of the Supreme Court at June Term, 1895, Judge ROBINSON presiding, has been in all respects affirmed, and the injunction or restraining order of Chief Justice FAIRCLOTH having been dissolved by said decision :

" Now, on motion of Messrs. Geo. N. Wilson, Burwell, Walker and Cansler and J. S. Leary, attorneys for the plaintiffs, it is adjudged that the said judgment of this Court be, and the same is in all respects affirmed, and the said judgment will stand as the judgment of this Court in this case.

" It is further adjudged that the plaintiffs recover of the defendants the land and premises described in the complaint, and that a writ of possession issue therefor, that the plaintiffs further recover of the defendants and their sureties to the bonds filed for costs and damages, to-wit, J. H. Emery, Gray Toole, J. W. Gordon, George S. Hall and H. C. Irwin, the sum of fifty dollars, assessed as damages at March Term, 1895, and the costs of this action to be taxed by the clerk of this Court, but the sheriff will not collect from the said George S. Hall and H. C. Irwin more than the sum of two hundred dollars, and from the said Jos. H. Emery, J. W. Gordon and Gray Toole more than the sum of three hundred dollars, the said sums being the amount of the penalties of the bonds signed respectively by said sureties, and the clerk will state in the execution the limit of the liability of each set of sureties as is herein set forth.

"It is further adjudged that the plaintiff, R. H. Simmons, is the lawful pastor of the church described in the complaint and known as Clinton Chapel, and is entitled to be let into the possession and enjoyment of the said office and pastorate, and to freely exercise the rights, privileges and

SIMMONS *v.* ALLISON.

functions thereof without let or hindrance from the defendants or any of them ; and the defendants are enjoined and perpetually restrained from interfering with the plaintiffs in the possession and enjoyment of the said premises, and from interfering with the said R. H. Simmons in the incumbency of the said pastorate and in the exercise of the rights, privileges and functions of the same.

" It is further ordered and adjudged that Z. T. Smith, receiver, who now has possession of the property by appointment of this Court, turn over and deliver the same, that is, the said land and premises, including the church and parsonage, to the plaintiffs, and he will also pay to the plaintiff, R. H. Simmons, the rent he has collected from the plaintiff, R. H. Simmons, for the parsonage, less one hundred and twenty-five dollars, his allowance, which he will retain, and he will report to this Court the amount so collected by him, said report to be made at this Term.

" It is further ordered that an inquiry be made before a jury at the next term as to the amount of damages plaintiffs have sustained since March Term, 1895, on account of the withholding of said land and premises from them, but the receiver will at once turn over the said land and premises to plaintiffs as above ordered."

The judgment referred to as above having been rendered at the March Term, 1895, in this cause, was as follows :

"R. H. SIMMONS, and others, Plaintiffs,
                    *v.*
ALEXANDER ALLISON, and others, Defendants.

" This cause coming on to be heard upon the verdict of the jury, it is now, on motion of Burwell, Walker and Cansler, Geo. E. Wilson and Leary, attorneys for the plaintiffs, adjudged that the plaintiffs are the legal owners, and

lawfully entitled to the possession of the premises in dispute, and that R. H. Simmons is pastor of Clinton Chapel, A. M. E. Z. Church, and entitled to exercise the rights, privileges and functions of said office, and a writ of possession will issue to put plaintiffs in possession of said premises described in the pleadings, and defendants are enjoined and restrained from in any way interfering with plaintiffs' possession of said premises, and from interfering with said R. H. Simmons in the exercise of his said rights and privileges as pastor of said church. It is further adjudged that plaintiffs recover of the defendants the sum of fifty dollars as damages and the costs of this action; and it is further ordered that the motion of sheriff for an allowance of one hundred dollars for services as receiver be continued until June Term by consent.

"A. W. GRAHAM,

"*Judge Presiding.*"

The defendants excepted to the judgments rendered by Judge *Bryan* as follows:

" First Exception : In that the Court ordered ' that Z. T. Smith, receiver, retain out of the rents collected by him from R. H. Simmons for the parsonage the sum of $125, being the allowance made to him for his own compensation and attorneys' fees, and pay the balance of the said fund to R. H. Simmons, it appearing to the Court that the said Simmons, as pastor of the church known as Clinton Chapel, was to occupy said parsonage free of rent as part of his compensation as pastor, and is therefore entitled to said balance.'

" Second Exception: In that the Court ordered as follows: ' The judgment of this Court at this Term in the above-entitled case will be amended so as to embrace this order and the sum so retained by the receiver, to-wit:

One hundred and twenty-five dollars will be taxed in the costs by the clerk and paid to the plaintiff, R. H. Simmons, when collected.'

"Third Exception: That the court ordered and adjudged as follows: 'This case coming on to be heard upon the certificate of the Supreme Court transmitted to this court, and it appearing therefrom that the petition to re-hear the former judgment of the Supreme Court in the appeal in this case has been dismissed, and the former judgment of this court rendered by this court at March Term, 1895 Judge GRAHAM presiding, and affirmed by this court upon certificate of the Supreme Court at June Term, 1895, Judge ROBINSON presiding, has been in all respects affirmed and the injunction or restraining order of Chief Justice FAIRCLOTH having been dissolved by said decision:'

"Now on motion of Messrs. Geo. E. Wilson, Burwell, Walker & Cansler and J. S. Leary, attorneys for the plaintiffs, it is adjudged that the said judgment of this court be, and the same is in all respects affirmed, and the said judgment will stand as the judgment of this court in this case.

"Fourth Exception: That the court ordered and adjudged: 'That the plaintiffs recover of the defendants the land and premises described in the complaint, and that a writ of possession issue therefor.'

"Fifth Exception: That the court ordered and adjudged: 'That the plaintiffs recover of the defendants and their sureties to the bonds filed for costs and damages, to-wit: J. H. Emery. Gray J. Toole, J. W. Gordon, George S. Hall and H. C. Irwin, the sum of fifty dollars, assessed as damages at March Term, 1895, and the cost of this action to be taxed by the clerk of this court.'

"Sixth Exception: That the court ordered and adjudged as follows: 'It is further adjudged that the plaintiff, R. H.

119—36

Simmons, is the lawful pastor of the church described in the complaint and known as Clinton Chapel, and is entitled to be let into the possession and enjoyment of the said office and pastorate, and to freely exercise the rights, privileges and functions thereof, without let or hindrance from the defendants or any of them, and the defendants are enjoined and perpetually restrained from interfering with the plaintiffs in the possession and enjoyment of the said premises, and from interfering with the said K. H. Simmons in the incumbency of the said pastorate and in the exercise of the rights, privileges and functions of the same.'

"Seventh Exception: That the court ordered and adjudged as follows: 'That Z. T. Smith, receiver, who now has possession of the property by appointment of this court, turn over and deliver the same, that is the said land and premises, including the church and parsonage, to the plaintiffs, and he will also pay to the plaintiff, R. H. Simmons, the rent he has collected from plaintiff, R. H. Simmons, for the parsonage, less one hundred and twenty-five dollars, his allowance, which he will retain, and he will report to this court the amount so collected by him, said report to be made at this Term.'

"Eighth Exception: That the court ordered and adjudged as follows: 'It is further ordered that an inquiry be made before a jury at the next term as to the amount of damages plaintiffs have sustained since March Term, 1895, on account of the withholding of said land and premises from them, but the receiver will at once turn over the said land and premises to plaintiffs as above ordered.' "

In this Court the plaintiffs moved to dismiss the appeal on the ground that entry of appeal on the docket below was not made until after notice of appeal was given, and

on the further ground that the full transcripts of the records in the two cases in which judgments were rendered were not sent up.

*Messrs. Burwell, Walker & Cansler,* for plaintiffs.
*Messrs. Maxwell & Keerans* and *Clarkson & Duls,* for defendants (appellants).

CLARK, J.: The motion of the appellee to dismiss must be denied as to both grounds. The notice of appeal and entry thereof on the docket having both been made within the ten days after adjournment, it is immaterial that the entry was made after notice given. Indeed, if the notice of the appeal is admitted, or shown to have been given in time, it would avail nothing if the *entry* was not made at all, for it is only made as record proof. *Fore* v. *Railroad,* 101 N. C., 526 : *Atkinson* v. *Railroad,* 113 N. C., 581. *The Code* system exacts business-like diligence, that the rights of the opposite party may be respected, but it did not destroy the former system, based largely on mere technicalities, merely to substitute another set of technicalities and fine distinctions. *McDaniel* v. *Scurlock,* 115 N. C., 295. The object of the new system is, as far as possible, to conform to the common sense rules of business life, by requiring diligence in the trial of causes, trying them on their merits and disregarding mere technical objections.

As to the second ground of the motion, the sole question being whether the judgment entered below, since our decision in 118 N. C., 763, was in conformity with that opinion, it was eminently proper that the transcript on this appeal should not be encumbered with any part of the record other than the formal recitals usual and necessary to show that the Court was properly constituted and held,

adding thereto the proceedings had subsequent to our opinion being filed below, and the exceptions made to such subsequent proceedings. *Durham* v. *Railroad*, 108 N. C., 399; *Mining Co.* v. *Smelting Co.*, at this Term. Indeed, the appellant, out of abundant caution, sent up and also printed the opinion of this Court (118 N. C., 763), which was an entirely unnecessary expense.

The first exception is overruled, for, as the fund in the hands of the receiver is to be paid over to the plaintiffs, it cannot concern the defendants in what manner it should be divided among the plaintiffs. *The Code* provides (Section 424 (1) ) that the judgment " may determine the ultimate rights of the parties on each side among themselves."

The second exception is overruled: The allowance to the receiver is a part of the costs of the action, and usually taxable against the losing party. The defendant contends, however, that, being an equitable proceeding, the receiver's fees should be divided. But, if so, that is a matter in the discretion of the presiding judge, as is now the case also with referee's fees. Act 1889, Ch. 37. This was not a matter affecting the merits, and was not passed on in the former appeal.

The Court in the former appeal, passing upon the merits of the case, pointed out that this was not an action of ejectment, but an equitable proceeding to determine whether the defendants or the plaintiffs should be enjoined from interfering with the other in the control of the church property, that the possession was in the stake-holder (the receiver)by agreement, for the benefit of the true *cestuis que trustent*, when determined by this litigation. We affirmed the judgment and verdict that the property belonged to the African Methodist Episcopal Zion Church, represented by the plaintiff board of trustees, and that the defendants, claiming as a board of trustees to represent an

independent separate body, should be enjoined.   There-
fore, so much of the present judgment as is set out in the
appellants' sixth and seventh exceptions is now affirmed,
but the third, fourth, fifth and eighth exceptions are sus-
tained, so far as the court below attempted to affirm the
damages heretofore assessed, and directed an inquiry to
assess further damages against the defendants, in the nat-
ure of *mesne* profits in ejectment.   The defendants were
not in possession, and, as declared in the former opinion,
the title in issue and determined by the verdict and judg-
ment was not between the plaintiffs and defendants as
such, but whether the property belonged to the connec-
tional system known as the " African Methodist Episcopal
Zion Church," or belonged to an independent congregation.
That was the gist of the action and was fully investigated,
ably and elaborately contested, and finally decided in
favor of the former.   But, though the plaintiffs were
adjudged the proper board to represent the title, the pos-
session was during the litigation in the receiver to be
awarded on the result of the trial, and it is a misconception
of the former opinion to understand it as affirming any
right to collect or assess damages for *mesne* profits.   The
former opinion should have been construed on its tenor, as
above stated.   Though it said " affirmed," it did not
declare "no error."   It was meant to affirm on the main
point as to the property belonging to the African Methodist
Episcopal Zion Church, and directing it to be turned over to
the plaintiffs as its board of trustees, and enjoining the repre-
sentatives of those claiming to hold it for an independent
body or congregation.   The purport of the opinion nega-
tived any affirmation of the incidental feature of a recovery
of *mesne* profits.   Each party will pay his own costs on
appeal.   *Code*, Section 527 (2).

Error.   Modified.