CALDWELL LAND AND LUMBER COMPANY v. GRANVILLE CHESTER AND WIFE.

(Filed 8 December, 1915.)

**Appeal and Error—Case Agreed—Time—Judgments in Term—Signature of Judge—Rendered Out of Term—Statutes.**

It is not required that a judgment rendered in term be signed by the judge, and where the parties agree to an extension of time to serve case, counter-case or exceptions on appeal from a judgment thus rendered, the

LAND CO. *v.* CHESTER.

time must be computed for serving appellant's case from the end of the term, and not from the time the judgment was actually thereafter signed under an agreement that the judge should do so. Instances where the judgment is rendered out of time have no application. Revisal, sec. 559.

APPEAL by defendants from *Harding, J.,* at April Term, 1915, of AVERY.

*S. J. Ervin, Mark Squires and W. C. Newland for plaintiff.*
*Lowe & Love for defendants.*

CLARK, C. J. In this case, upon the verdict of the jury coming in, judgment was rendered at the April Term of Avery, which adjourned 30 April, 1915. By agreement 90 days was allowed appellants to serve case on appeal and plaintiff allowed 60 days thereafter to file exceptions or counter-case. The defendants served their case on appeal 8 September, 1915. The plaintiff contested that this was too late, and served their exceptions on 19 October, without, however, waiving their right to object that the service of the case on appeal was too late.

The judge properly held that the appellants' case was served too late and refused to settle the case on appeal. The appellants contend that they were in time because by consent the judgment was to be signed in vacation and was signed on 19 June, being less than 90 days before the service of the case on appeal.

The judgment was rendered on the verdict before the adjournment of the court, 30 April. It is not necessary that a judgment be signed when it is rendered in open court. *Bond v. Wool,* 113 N. C., 20, and cases there cited.

The appellants do not distinguish between the signing in vacation of a judgment rendered at term and the rendering of a judgment in vacation by consent, Revisal, 559. In the latter case there is no judgment to appeal from, and it is not known in whose favor it is until it is rendered; hence the time in which to appeal and to serve case on appeal is counted from the filing of such judgment in the clerk's office.

But when, as in this case, the judgment is rendered in term the party cast has notice and must give his notice of appeal and serve his case in the prescribed, or agreed, time from the adjournment of that term. The appellants were in court when the judgment was rendered and gave notice of appeal. By agreement they had 90 days in which to serve their case on appeal, and failed to do so.

The motion for a *certiorari* must be denied, and the motion of the appellees to docket and dismiss under Rule 17 is allowed.

Appeal dismissed.