BARBARA F. CURRIN AND B. H. CURRIN v. HOBART C. SMITH, G. C. (BOB) SMITH, JR., HIDDEN VALLEY BUILDERS, INC., A CORPORATION, AND HOBART SMITH CONSTRUCTION COMPANY, A CORPORATION.

(Filed 12 April, 1967.)

**Injunctions § 13;   Appeal and Error § 3—**

In an action against the purchasers of the remaining undeveloped lots in a subdivision to recover damages and to restrain further violation of a

restrictive covenant specifying the minimum square feet of heated floor area for each dwelling in the subdivision, order dissolving the temporary restraining order theretofore entered in the cause is not reviewable in the absence of a showing of abuse of discretion, since it is an interlocutory order which does not affect a substantial right of plaintiffs in view of the fact that in the event plaintiffs prevail upon the final hearing and it should be determined that they are entitled to equitable relief in addition to damages, they would have the remedy of mandatory injunction. G.S. 1-500.

APPEAL by plaintiffs from *Froneberger, J.*, 9 January 1967 Schedule "B" Civil Session of MECKLENBURG.

Plaintiffs filed complaint in Superior Court of Mecklenburg County, alleging, in substance, the following: That Spangler Construction Company acquired a tract of land in Mecklenburg County in 1959 and subdivided the land into residential lots, to be known as Lansdown Subdivision; thereafter, on 19 August 1959 Spangler Construction Company entered into a restrictive covenant agreement with all persons, firms or corporations subsequently acquiring any of the lots in said development, the restrictive covenants to run with the land for thirty years. The restrictive covenant agreement was duly recorded in the office of the Register of Deeds of Mecklenburg County. The pertinent restrictions in said agreement are as follows:

"(G) No single-family dwelling, one story in height, shall be erected or maintained on any of said lots, with a square foot heated floor area of less than 1,700 square feet; provided, that if there is a garage attached to a side of the residence, the square foot heated floor area of the dwelling shall be not less than 1,600 square feet. . . ."

"(O) If the parties hereto, or any of them, or their heirs or assigns, shall violate or attempt to violate any of the said covenants herein, it shall be lawful for any other person or persons owning any real property situated in said development or subdivision subject to similar restrictions to prosecute any proceedings at law or in equity against the person or persons violating or attempting to violate any such covenant and either to prevent him or them from doing so or to recover damages or other dues for such violation."

After partially developing the subdivision, Spangler Construction Company sold the remaining lots to defendants herein, and defendants began to sell lots on which they had constructed dwellings. The deed from Spangler to defendants provided that grantor would "warrant and defend the said title to the same against the lawful

claims of all persons whomsoever, except easements, *restrictions* and 1963 taxes." Thereafter, defendants by warranty deed sold plaintiffs a lot within the subdivision, said deed containing these words of limitation: "subject to restrictions and easements of record."

Plaintiffs complain that defendants have laid a brick foundation for a one-story dwelling, without garage, which when completed would contain less than 1,600 square feet of heated floor space. Plaintiffs prayed for money damages in the amount of $10,000, and for a mandatory injunction to remove dwellings not complying with the covenants. They also prayed for a temporary restraining order, pending final hearing, restraining defendants from further. constructing any dwelling on any of said lots in violation of the restrictive covenants or from conveying any lots on which dwellings have been constructed in violation of said covenants.

Upon filing complaint on 30 December 1966, Falls, J., entered a temporary restraining order, restraining defendants from continuing to construct any dwelling in said development which had less than 1,700 square feet of heated floor space, particularly the dwelling being constructed on lot 17 in Block 16 of said subdivision. Defendants were ordered to appear on 12 January 1967 to show cause why the order should not be continued to final determination of this action. Hearing was held during the 9 January 1967 Schedule "B" Civil Session of Mecklenburg before Judge Froneberger on the complaint, affidavits of both parties, and oral arguments of counsel. By judgment dated 13 January 1967 Judge Froneberger vacated and dissolved the restraining order entered by Judge Falls. Plaintiffs appealed.

*Don Davis and Beverly H. Currin for plaintiffs.*
*Levine, Goodman & Murchison for defendants.*

PER CURIAM. G.S. 1-500 provides:

> "Restraining orders and injunctions in effect pending appeal; indemnifying bonds. — Whenever a plaintiff shall appeal from a judgment rendered at chambers, or in term, either vacating a restraining order theretofore granted, or denying a perpetual injunction in any case where such injunction is the principal relief sought by the plaintiff, and where it shall appear that vacating said restraining order or denying said injunction will. enable the defendant to consummate the threatened act, sought to be enjoined, before such appeal can be heard, so that the plaintiff will thereby be deprived of the benefits of any judgment of the Supreme Court, reversing the judgment of the lower court, then in such case the original restraining order

granted in the case *shall in the discretion of the trial judge* be and remain in full force and effect until said appeal shall be finally disposed of: Provided, the plaintiff shall forthwith execute and deposit with the clerk a written undertaking with sufficient surety, approved by the clerk or judge, in an amount to be fixed by the judge to indemnify the party enjoined against all loss, not exceeding an amount to be specified, which he may suffer on account of continuing such restraining order as aforesaid, in the event that the judgment of the lower court is affirmed by the Supreme Court." (Emphasis ours)

The dissolution of the restraining order was in the discretion of the trial judge. Such order is not reviewable by this Court except in cases of abuse of discretion. This record reveals no abuse of discretion on the part of the trial judge. G.S. 1-500; *Clark v. McQueen,* 195 N.C. 714, 143 S.E. 528.

". . . Ordinarily, an appeal will lie only from a final judgment. *Perkins v. Sykes,* 231 N.C. 488, 57 S.E. 2d 645. An appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to appellant if not corrected before appeal from final judgment." *Steele v. Hauling Co.,* 260 N.C. 486, 133 S.E. 2d 197.

Plaintiffs seek monetary damages, and should they be entitled to the additional equitable relief, there will be no injury to appellants if not granted before final judgment, since, if it is determined that the dwelling violates restrictive covenants, plaintiffs would have a remedy of mandatory injunction to compel defendants to conform the structure to the covenants. *Ingle v. Stubbins,* 240 N.C. 382, 82 S.E. 2d 388.

For reasons stated, plaintiffs' appeal is

Dismissed.