FRED J. STANBACK, JR. v. VANITA B. STANBACK

No. 18

(Filed 6 June 1975)

**1. Appeal and Error § 6— appeal from interlocutory orders — discretionary review**

Ordinarily, an appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to appellant if not corrected before appeal from final judgment; however, the appellate courts of this State in their discretion may review an order of the trial court, not otherwise appealable, when such review will serve the expeditious administration of justice or some other exigent purpose.

**2. Appeal and Error § 9— appeal to Court of Appeals from interlocutory orders — premature appeal issue moot**

Where the Court of Appeals pursuant to its supervisory authority contained in G.S. 7A-32(c) determined that a trial on the merits of this protracted controversy would be facilitated by allowing immediate appeal from pretrial orders, the issue of premature appeal thereupon became moot and arguments on the point were rendered feckless.

**3. Appeal and Error § 36— case on appeal — service in apt time**

Plaintiff filed his statement of the case on appeal within 15 days from the entry of the appeal taken as required by G.S. 1-282 where

Stanback v. Stanback

he gave notice of appeal in open court on 27 March 1974 from the trial court's order, there was disagreement as to the substance of the court's ruling, the form and substance of the order to be drafted by defendant's counsel and mailed to the trial judge for signing at some later date were unsettled, the order was actually signed after the adjournment of that session of court but was antedated 27 March 1974 and filed on 10 April 1974, the date from which plaintiff's 15 days began to run, and plaintiff served his case on appeal on 23 April 1974.

**4. Divorce and Alimony § 22— child custody and support — jurisdiction**

A judicial decree in a child custody and support matter is subject to alteration upon a change of circumstances affecting the welfare of the child and is not final in nature; consequently, the jurisdiction of the court entering such a decree continues as long as the minor child whose custody is the subject of the decree remains within its jurisdiction.

**5. Courts § 5; Divorce and Alimony § 22— child custody and support — jurisdiction in superior court**

Since statutory allocations of case loads between trial divisions are administrative and not jurisdictional, the Rowan Superior Court, in which this child custody and support proceeding was properly instituted prior to the establishment of the district court, was not divested of jurisdiction to hear a motion in the cause filed by defendant after establishment of the district court.

**6. Divorce and Alimony § 22— child custody and support — jurisdiction in superior court — no transfer to district court as a matter of right**

The General Assembly did not intend that cases called for trial or cases already tried and reduced to judgment be transferred under G.S. 7A-258 as a matter of right; therefore, the Court of Appeals erred in reversing the order of the trial court denying plaintiff's motion to transfer a child custody proceeding from the superior court to the district court, since the proceeding arose upon defendant's motion in the cause, and the original case had been called for trial and in fact tried.

**7. Rules of Civil Procedure § 34— inspection of writings — order discretionary**

Whether the trial court shall grant an order for the inspection of writings upon a sufficient affidavit rests in its sound discretion; however, if an order requiring inspection is based upon an insufficient affidavit, the order is invalid and will be set aside on appeal.

**8. Rules of Civil Procedure § 34— discovery — requirement that material be necessary and relevant**

The provision of G.S. 1A-1, Rule 34 (1969) that the court may order the discovery and production of documents and things for inspection upon the motion of any party *showing good cause therefor* requires that material sought be necessary as well as relevant.

**9. Rules of Civil Procedure § 34— inspection of checks and stubs — failure to meet good cause requirement**

In a proceeding to increase child support payments, the defendant wife's showing of need to inspect plaintiff husband's checks, check stubs and bank statements for a period of over six years was minimal and fell short of fulfilling the good cause requirement of G.S. 1A-1, Rule 34.

**10. Divorce and Alimony § 22; Attorney and Client § 7— child support and custody action — award of attorney's fee proper**

The requirement of G.S. 50-13.6 that before ordering payment of an attorney's fee in a *support* action, the court must find as fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding was inapplicable in this *custody and support* case; and defendant's uncontested affidavit, stating that due to a number of enumerated factors she was then without funds to meet the costs of preparing for the hearing, sufficiently supported the trial court's finding that defendant did not have sufficient means to defray the expense of the litigation.

Justice EXUM did not participate in the hearing or decision of this case.

ON *certiorari* to the Court of Appeals to review its decision reported in 23 N.C. App. 167, 208 S.E. 2d 390 (1974).

This divorce action was commenced on 29 March 1965 by the filing of a complaint in which plaintiff husband sought a divorce from bed and board and exclusive custody of the two minor children then born of the marriage. The defendant wife by cross-action sought alimony without divorce and custody of the children with visitation rights granted to the father. A third child was born approximately five months after the separation occurred.

After trial in the Superior Court of Rowan County and two appeals to the Supreme Court, reported in 266 N.C. 72, 145 S.E. 2d 332 (1965) and 270 N.C. 497, 155 S.E. 2d 221 (1967), the parties entered into a separation agreement in 1968 settling all matters in controversy between them relating to the issue of alimony; and following a hearing before Judge Exum, a judgment was entered on 29 March 1968 providing that the children "shall be and remain always in the physical custody of the defendant Vanita B. Stanback, except as may be hereinafter provided," and the judgment then made provision for the children to visit with their father at various times. The judgment further ordered Fred J. Stanback, Jr., to provide for the

maintenance and support of said children. The cause was retained for other and further orders as from time to time the court might deem appropriate.

The action thereafter remained quiescent until 5 September 1973 when defendant wife, by motion in the cause, moved to modify the judgment previously entered relating to custody and support of the children. She alleged changed conditions and sought a redetermination of the custody order and an increase in the amount to be paid by the father for the support of the children. Plaintiff husband resisted the motion to increase the payments for support and maintenance of the children, alleged that conditions had changed in that, among other things, he had remarried, and prayed that he be awarded custody of the children. Pending a hearing on the primary motion of defendant wife and the counterclaim of plaintiff husband, various interlocutory matters came before the court and rulings were made thereon as follows:

1. On 21 September 1973 plaintiff husband filed a motion to transfer the cause to the District Court Division of the General Court of Justice. Judge Exum denied the motion and plaintiff gave notice of appeal to the Court of Appeals.

2. On 12 December 1973 plaintiff husband served certain interrogatories, including an interrogatory inquiring into defendant's medical history and state of health, particularly with respect to treatment by physicians. Defendant wife objected to this interrogatory, and plaintiff moved that she be compelled to answer it. On 13 January 1974 Judge Crissman sustained defendant's objection and held she was not required to answer that interrogatory. Plaintiff gave notice of appeal to the Court of Appeals.

3. On 21 March 1974 defendant wife moved that plaintiff husband be required to produce his check stubs and bank statements for the period 1 March 1968 to the date of said motion. On 25 March 1974 Judge Exum allowed this motion, and plaintiff gave notice of appeal to the Court of Appeals.

4. On 21 March 1974 defendant wife moved that plaintiff husband be required to advance to her the sum of $2,000.00 to defray the costs of preparing for the hearing on her primary motion and the counterclaim of plaintiff concerning increased child support and custody. She supported this motion by an affidavit that she was without adequate funds to defray the

costs of the litigation. On 27 March 1974, following hearing, Judge Exum orally announced that the motion was allowed. Plaintiff, through his counsel, took exception and in open court gave notice of appeal to the Court of Appeals. Judge Exum's formal order allowing the motion was signed out of term and filed on 10 April 1974.

5. Plaintiff then perfected, or attempted to perfect, an appeal to the Court of Appeals with respect to the matters enumerated in the four numbered paragraphs above and served a "statement of case on appeal" on 23 April 1974. Defendant wife, contending the purported statement of case on appeal was fragmentary, filed exceptions and at the same time reserved the right to move to dismiss the appeal under G.S. 1-287.1. Such motion to dismiss was filed by her on 30 April 1974 alleging failure of plaintiff to comply with the provisions of G.S. 1-282. A hearing was held before Judge Crissman, after which he entered an order dismissing the appeal on 10 May 1974. To this dismissal order plaintiff excepted and gave notice of appeal to the Court of Appeals. Thereafter, plaintiff served upon defendant a "statement of case on appeal" on 17 May 1974 which defendant contends does not comply with Rule 19 with respect to either the composition or the arrangement of the contents.

Without deciding whether any of the various orders and judgments listed in the first four numbered paragraphs were appealable, and without deciding whether plaintiff was required to serve a statement of case on appeal or, if so, had perfected an appeal by proper preparation and service of statement of case on appeal as mentioned in the fifth numbered paragraph above, the Court of Appeals stated it would entertain the appeal "under the supervisory authority of this Court." Then, by opinion filed 2 October 1974, the Court of Appeals held:

1. Plaintiff had a right to have the case transferred to the District Court Division of the General Court of Justice pursuant to G.S. 7A-258, and Judge Exum erred in denying the motion to transfer.

2. Defendant was not required to answer the interrogatory concerning her medical history, general health, consultation with physicians or psychiatrists, etc., and Judge Crissman correctly so held.

3. Judge Exum erred in requiring plaintiff husband to produce all of his check stubs and bank statements and all of his

cancelled checks during the period 1 March 1968 to date of defendant's motion so that defense counsel might examine said items and make copies as desired.

4. Judge Exum erred in ordering plaintiff to pay $2,000.00 for the use of defendant wife in preparing for the hearing of her primary motion and plaintiff's counter motion concerning increased child support and custody.

We allowed defendant wife's petition for certiorari to review the decision of the Court of Appeals as above narrated.

*Walser, Brinkley, Walser & McGirt, by Walter F. Brinkley, attorneys for defendant appellant.*

*Norwood Robinson and George L. Little, Jr., of the firm Hudson, Petree, Stockton, Stockton & Robinson; Clarence Kluttz, attorneys for plaintiff appellee.*

HUSKINS, Justice.

In her first assignment defendant wife alleges the Court of Appeals erred in allowing an immediate appeal from the four interlocutory orders of the trial court.

[1] Ordinarily, an appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to appellant if not corrected before appeal from final judgment. *Currin v. Smith,* 270 N.C. 108, 153 S.E. 2d 821 (1967) ; *Steele v. Hauling Co.,* 260 N.C. 486, 133 S.E. 2d 197 (1963) ; *see* 2 McIntosh, North Carolina Practice and Procedure § 1782 (1956) ; Annotation, Appealability of Order Pertaining to Pretrial Examination, Discovery, Interrogatories, Production of Books and Papers, or the Like, 37 A.L.R. 2d 586 (1954). However, the appellate courts of this State in their discretion may review an order of the trial court, not otherwise appealable, when such review will serve the expeditious administration of justice or some other exigent purpose. *See Howland v. Stitzer,* 240 N.C. 689, 84 S.E. 2d 167 (1954) ; *Ward v. Martin,* 175 N.C. 287, 95 S.E. 621 (1918) ; *Trust Co. v. Morgan, Attorney General,* 9 N.C. App. 460, 176 S.E. 2d 860 (1970) ; 2 McIntosh, North Carolina Practice and Procedure § 1782 (7) (Phillips Supp. 1970), and cases cited therein. Such discretion is not intended to displace the normal procedures of appeal, but inheres to appellate courts under

our supervisory power to be used only in those rare cases in which normal rules fail to administer to the exigencies of the situation. When discretionary review is allowed, the question of appealability becomes moot. *Furr v. Simpson,* 271 N.C. 221, 155 S.E. 2d 746 (1967).

[2] Such is the case here. The Court of Appeals determined that a trial on the merits of this protracted controversy would be facilitated by allowing immediate appeal from the pretrial orders. Accordingly, it reviewed the merits of the orders pursuant to its supervisory authority contained in G.S. 7A-32(c). The issue of premature appeal thereupon became moot and arguments on the point were rendered feckless. Hence, we consider the opinion of the Court of Appeals on the merits of this controversy, expressing no opinion on the appealability of the interlocutory orders.

[3] Assignment five, raising a second procedural point, alleges that Judge Crissman correctly dismissed plaintiff's appeal for failure to serve the statement of case on appeal within the time provided by law. Therefore, it is contended by defendant wife that the Court of Appeals should not have reached the merits of this cause.

The facts found by Judge Crissman in his order of dismissal show the following: Judge Exum held a hearing on 27 March 1974 to consider defendant's motion for the allowance of $2,000.00 to defray the expenses of preparing for the hearing on the motions pending at that time. In open court he announced that defendant's motion would be allowed and the parties agreed that the order allowing said motion could be signed at a subsequent time. The order was actually signed after the adjournment of that session of court, but was antedated 27 March 1974 and filed on 10 April 1974. Plaintiff gave notice of appeal in open court, and appearing upon Judge Exum's written order is a recital of that fact, to wit: "The plaintiff excepts to the foregoing order and gives notice of appeal from the entry of said order in open court at the time of the announcement of the decision of the court." Judge Exum's signature follows that recital.

Plaintiff's notice of appeal, given in open court following the announcement of the order, was sufficient to comply with the "taking of appeal" and "notice of appeal" requirements of G.S. 1-279 and 1-280. While this record is silent regarding the formal entry of this appeal on the judgment docket, such defi-

ciency is not fatal under G.S. 1-280 since the taking of the appeal is not denied and notice has, in fact, been served in time. *Simmons v. Allison,* 119 N.C. 556, 26 S.E. 171 (1896) ; *Atkinson v. R. R.,* 113 N.C. 582, 18 S.E. 254 (1893). "The requirement that the appeal should be entered on the record is to furnish indisputable proof of the fact, and is immaterial when the fact of the appeal having been taken is not denied, and notice of appeal has, in fact, been served on time, or waived." *Barden v. Stickney,* 130 N.C. 62, 40 S.E. 842 (1902).

Although the date of entry of the appeal on the judgment docket, if in fact so entered, does not appear on the face of this record, we are asked to determine whether plaintiff's statement of case on appeal was served within fifteen days *from the entry of the appeal taken* as required by G.S. 1-282. Defendant wife contends the fifteen days began to run on 27 March 1974 when plaintiff gave notice of appeal in open court and that plaintiff's service of case on appeal on 23 April 1974 was not timely. We find this contention unsound.

There was an agreement "that counsel for the parties would prepare and submit to the Court orders carrying out the rulings which were made by the Court." In a letter to the trial judge dated 4 April 1974 counsel for defendant admitted that he had been instructed to prepare the orders. The record further reveals several other letters (written to the trial judge after the 27 March 1974 hearing) which point to disagreement over the substance of the court's ruling. This disagreement is substantiated by Judge Exum's letter of 12 April 1974 to the parties in which he scheduled a hearing to settle the controversy "with regard to the form and perhaps the substance of the various recent orders." Clearly, at the time the judgment was "announced" on 27 March 1974 both the form and substance of the order to be drafted by counsel and mailed to Judge Exum for signing at some later date were unsettled.

On these facts this case is readily distinguishable from *Land Co. v. Chester,* 170 N.C. 399, 87 S.E. 111 (1915), cited by defendant wife. In that case judgment was rendered upon a jury verdict before adjournment of the court and the trial judge signed the judgment after adjournment. By agreement appellants were allowed ninety days to serve their case on appeal. Under the facts of that case the time for serving a statement of case on appeal was said to run from the adjournment of the term of court during which the judgment was rendered.

Stanback v. Stanback

Here, there was no agreement for serving the case on appeal and more than the perfunctory signing of the order was required after the hearing was adjourned. The form and substance of the order, which was being prepared by the attorney for defendant wife, were in no sense final as of the 27 March 1974 hearing. Under these circumstances, "the careful and experienced lawyer cannot decide what to do until he has seen and read the judgment." *Fisher v. Fisher,* 164 N.C. 105, 80 S.E. 395 (1913). Therefore, we hold that under the facts of this case the time for serving a statement of case on appeal pursuant to G.S. 1-282 began to run when the order, and the notice of appeal endorsed thereon, were filed on 10 April 1974. Plaintiff's service was thus within the period contemplated by that statute.

We next consider whether the Court of Appeals erred, as defendant contends, in holding plaintiff had a right to have this case transferred to the district court division.

This action was properly instituted in superior court prior to the establishment of the district court in the Nineteenth Judicial District which embraces Rowan County. After numerous proceedings in superior court a custody and support judgment, filed 10 May, 1968, was entered following a hearing during the 11 March 1968 Civil Session of Rowan Superior Court. The present proceeding arises from defendant's motion in the cause to modify that judgment pursuant to G.S. 50-13.7.

[4] A judicial decree in a child custody and support matter is subject to alteration upon a change of circumstances affecting the welfare of the child and, therefore, is not final in nature. *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967); *Teague v. Teague,* 272 N.C. 134, 157 S.E. 2d 649 (1967). Consequently, the jurisdiction of the court entering such a decree continues as long as the minor child whose custody is the subject of the decree remains within its jurisdiction. *Spence v. Durham,* 283 N.C. 671, 198 S.E. 2d 537 (1973), *cert. denied* 415 U.S. 918, 39 L.Ed. 2d 473, 94 S.Ct. 1417 (1974); *Stanback v. Stanback,* 266 N.C. 72, 145 S.E. 2d 332 (1965). The Superior Court of Rowan County rendered the original support and custody judgment in this action and under the above principles maintained continuing jurisdiction over further proceedings. Unless that court was somehow divested of its continuing jurisdiction, it was the only court which could modify the earlier judgment upon a motion in the cause and a showing of a change of circumstances.

*Tate v. Tate,* 9 N.C. App. 681, 177 S.E. 2d 455 (1970); 3 Lee, North Carolina Family Law § 222 (Supp. 1974).

[5] Plaintiff contends that under the Judicial Department Act of 1965, codified in Chapter 7A of the General Statutes, the district court is now the *only* proper division for hearing child custody and support matters. While G.S. 7A-244 unquestionably allocates such matters to the District Court Division of the General Court of Justice, we are not persuaded that statute requires the district court to hear the motion in the cause filed in this case.

Under the Judicial Department Act of 1965 both trial divisions *concurrently* possess the aggregate of original civil trial jurisdiction reposed in the General Court of Justice excepting only matters involving claims against the State and probate and administration of decedents' estates as to which exclusive original jurisdiction is vested in the Supreme Court and the superior court division respectively. G.S. 7A-240 to -242 (1969). The Act further provides for the *administrative* allocations of case loads between the divisions. G.S. 7A-242 *et seq.* (1969). It is plain these allocations are *not jurisdictional* since a judgment is not void or voidable for reason that it was rendered by a court of the trial division which by the statutory allocation was the improper division for hearing and determining the matter. G.S. 7A-242 (1969); *see* Report of the Courts Commission to the North Carolina General Assembly at 23 (1965). Hence, G.S. 7A-244 is merely an administrative allocation of annulment, divorce, alimony, child support and child custody actions to the district court division, and does not divest the Rowan Superior Court of jurisdiction to hear the motion in the cause filed by defendant in this action.

Although the case allocations of Chapter 7A are merely administrative directives, a party may move, as a matter of right, for transfer of a case in accordance with the proper statutory allocation. G.S. 7A-257, 258 (1969). However, this right may be waived by consent or by failure to move for transfer within the prescribed time limits. An order erroneously transferring or refusing to transfer is ordinarily not immediately appealable, even for abuse of discretion, and will not result in a new trial unless prejudice is shown. G.S. 7A-260 (1969).

Plaintiff's motion to transfer this action to district court was made pursuant to G.S. 7A-258 and the Court of Appeals

held he had the *right* under that section to make the motion. We find that holding erroneous.

[6] G.S. 7A-258(a) provides that a party may move to transfer a civil action or special proceeding to the proper division when the case is pending in an improper, division or when the parties consent to the transfer and the judge deems the transfer will facilitate the efficient administration of justice. Here, consent is absent. G.S. 7A-258(c) requires a plaintiff to file a motion for transfer within twenty days after the filing of a pleading which justifies the transfer. That subsection contains the following statement: "In no event is a motion to transfer made or determined after the case has been called for trial." Thus, it appears the General Assembly did not intend that cases called for trial or cases already tried and reduced to judgment, as here, be transferred under G.S. 7A-258 as a matter of right. That section clearly applies only to cases in the pleading stage.

This point is further illustrated by G.S. 7A-259(b) which is the only section of Chapter 7A speaking directly to the point of transfer due to the establishment of the district court division. It reads: "When a district court is established in a district, any superior court judge authorized to hear and determine motions to transfer may, on his own motion, *subject to the requirements of subsection (a)*, transfer to the district court cases pending in the superior court." (Emphasis added.) Subsection (a) allows any such superior court judge to order a transfer upon his own motion for the efficient administration of the trial divisions "at any time *before the case is calendared for trial.*" (Emphasis added.) Therefore, even a judge on his own motion is not authorized to order a transfer once the case has reached the trial stage and has been calendared.

Defendant's motion in the cause was not a new and independent proceeding. Instead, the motion was a continuation of the original action for child custody and support. *See* 3 Lee, North Carolina Family Law § 226 (1963). The original case had been called for trial, and had in fact been tried in the superior court. Under these circumstances G.S. 7A-258 does not warrant a transfer of the action to district court as a matter of right. Accordingly, we hold the Court of Appeals erred in reversing the order of the trial court denying plaintiff's motion to transfer.

Defendant wife next contends the Court of Appeals erred in reversing the trial court's order requiring plaintiff husband

to produce for defendant's examination all of his check stubs, bank statements and cancelled checks during the period 1 March 1968 to date of defendant's motion.

[7]  Whether the trial court shall grant an order for the inspection of writings upon a sufficient affidavit rests in its sound discreton. *Tillis v. Cotton Mills*, 244 N.C. 587, 94 S.E. 2d 600 (1956) ; *Dunlap v. Guaranty Co.*, 202 N.C. 651, 163 S.E. 750 (1932). However, if an order requiring inspection is based upon an insufficent affidavit, the order is invalid and will be set aside on appeal. *Patterson v. R. R.*, 219 N.C. 23, 12 S.E. 2d 652 (1941). "If the requirements are not complied with, or if the order of the court goes beyond the powers contemplated and conferred by law, the order will be set aside." *Dunlap v. Guaranty Co., supra; Ross v. Robinson*, 185 N.C. 548, 118 S.E. 4 (1923).

The discovery order contested in this assignment is governed by the requirements of Rule 34 of the North Carolina Rules of Civil Procedure, as it read prior to the 1973 amendment which became effective 1 January 1975. G.S. 1A-1, Rule 34 (1969). Under Rule 34 as then written a trial court may order the discovery and production of documents and things for inspection, copying or photographing upon the motion of any party *showing good cause therefor*. Unlike Rules 26 and 33, Rule 34 requires a party invoking the rule to show "good cause" for the production of the items sought. We note that Rule 34 of the Federal Rules of Civil Procedure was amended in 1970 so as to delete the good cause requirement because of the confusion created by vagueness of the term. The fact that good cause remains a requirement under our Rule 34 after its 1973 amendment demonstrates that, in this jurisdiction, the requirement is not a mere formality which may be overlooked.

The basis of defendant's Rule 34 motion is the relevance of the check stubs, bank statements and cancelled checks in determining the amount of child support which plaintiff must pay under G.S. 50-13.4(c). In her motion she states: "One of the relevant facts which is material in determining this motion is the amount which the plaintiff has customarily expended to provide for his personal living expenses and for the living expenses of said three minor children while they have visited with him as well as the personal living expenses of his present wife and her children. . . . The best evidence of the amount expended by plaintiff for these purposes is found in the cancelled checks and

bank statements of plaintiff." It seems defendant is equating good cause with relevance.

**[8]**   While relevance is one of the factors to be considered under Rule 34, the provision for that factor is found in subsection (1) of Rule 34 and not in the good cause provision. Subsection (1) provides for the determination of relevance in accordance with Rule 26(b) which allows the examination of any matter, not privileged, relevant to the subject matter of the pending action. Consequently, a demonstration that the desired materials are relevant to the subject matter of the litigation does not by itself satisfy the good cause requirement. *Guilford National Bank of Greensboro v. Southern Ry. Co.*, 297 F. 2d 921 (4th Cir. 1962), *cert. denied* 375 U.S. 985, 11 L.Ed. 2d 473, 84 S.Ct. 518 (1964). "The difficulty with the relevance-is-good-cause approach is that it interprets a portion of Rule 34 as redundant and thereby violates elementary canons of construction." *Crowe v. Chesapeake and Ohio Railway Company*, 29 F.R.D. 148, 150 (E.D. Mich. 1961) ; *see Schlagenhauf v. Holder*, 379 U.S. 104, 13 L.Ed. 2d 152, 85 S.Ct. 234 (1964). Therefore, good cause is something more than mere relevance.

As illustrated by the federal courts' experience with the term, good cause often depends upon the facts of the individual case and upon considerations of practical convenience and, therefore, is not susceptible to a universal definition. However, Professor Moore does advance the following general test for good cause:

> "Generally speaking, however, it was held that the moving party must demonstrate that inspection of documents to be produced is in some way necessary to the adequate preparation of its case. . . . In short, any showing that failure to order production would unduly prejudice the preparation of the party's case, or cause him hardship or injustice, would support the order." 4A Moore's Federal Practice § 34.08 (1974).

By the better view, necessity, as well as relevance, is an element of good cause under Rule 34. *United States v. R. J. Reynolds Tobacco Co.*, 268 F. Supp. 769 (D.N.J. 1966).

**[9]**   When these principles are applied to the facts of this case, it becomes apparent that defendant wife did not make a sufficient showing of need to fulfill the good cause requirement of Rule 34. The only showing in her motion is the statement that

Stanback v. Stanback

the materials were the "best evidence" of plaintiff's expenditures. It is well established that a mere statement that an examination is material and necessary is not sufficient to support a production order. *Patterson v. R. R.*, 219 N.C. 23, 12 S.E. 2d 652 (1941) ; *see Bentz v. Cities Service Tankers Corp.*, 41 F.R.D. 294 (S.D.N.Y. 1966) ; *Archer v. Cornillaud*, 41 F. Supp. 435 (W.D. Ky. 1941). Here, the showing of need to inspect plaintiff's checks, check stubs and bank statements for a period of over six years is minimal and falls short of good cause.

Furthermore, defendant admits the trial court required plaintiff to answer an interrogatory setting forth his income and his net worth. Nothing else appearing, this financial information should be sufficient for the purpose of determining plaintiff's estate, earnings, conditions and accustomed standard of living in accordance with G.S. 50-13.4(c). There is nothing in defendant's motion or in the trial court's order suggesting that plaintiff husband has been evasive or has otherwise sought to avoid his support obligation under North Carolina law. When the need for production of materials is not shown, as here, the law will not sanction the use of Rule 34. This is so in order to prevent litigants from engaging in mere fishing expeditions to discover evidence or using the rule for harassment purposes.

Defendant wife having failed to carry her burden of showing good cause, we hold the Court of Appeals correctly reversed the trial court's order granting her Rule 34 motion.

Finally, defendant wife contends the Court of Appeals erred in reversing the trial court's order requiring plaintiff to pay $2,000.00 for her use in preparing for the hearing on the various motions pending before the court.

The trial court's order required plaintiff to pay $2,000.00 to defendant's attorneys to defray the "reasonable and necessary expenses incurred by the defendant or her counsel in making preparations for the hearing on the motions pending in this action." Defendant's attorneys were required to account for expenditures and refund any excess. Such an order is proper when authorized by statute. *Winfield v. Winfield*, 228 N.C. 256, 45 S.E. 2d 259 (1947) ; *Green v. Green*, 210 N.C. 147, 185 S.E. 651 (1936).

We find appropriate authority for the order in G.S. 50-13.6. That statute provides that in a proceeding for custody or support, or both, including a motion in the cause for the modifica-

tion of an existing order, the trial court may order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit.

**[10]** Apparently conceding this grant of authority in G.S. 50-13.6, plaintiff argues the trial court failed to make appropriate findings in accordance with the second sentence of that statute which reads, in pertinent part: "Before ordering payment of a fee *in a support action,* the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding. . . . " (Emphasis added.) While it is true that such a finding does not appear in the trial court's order, we hold such a finding unnecessary in this case.

The general grant of authority to award attorney's fees under G.S. 50-13.6 applies to actions or proceedings *"for the custody or support, or both,* of a minor child, including a motion in the cause for modification or revocation of an existing order *for custody or support, or both."* (Emphasis added.) On the other hand, the duty to make the required finding under the second part of that statute is imposed only in a *support action.* Consequently, these provisions fall within the purview of the maxim *expressio unius est exclusio alterius,* meaning the expression of one thing is the exclusion of another. *In re Taxi Co.,* 237 N.C. 373, 75 S.E. 2d 156 (1953). The General Assembly, having limited the second provision to support actions, apparently did not intend the requirement to apply to custody or custody and support actions. It follows, therefore, that the second provision of G.S. 50-13.6 is inapplicable to this order since defendant's motion in the cause prays for modification of both the custody and support aspects of the previous judgment.

Under G.S. 50-13.6 the grant of attorney's fees is within the sound discretion of the trial judge. When that discretion has been properly exercised in accordance with statutory requirements, the order must stand on appeal. *Rickert v. Rickert,* 282 N.C. 373, 193 S.E. 2d 79 (1972). Suffice it to say that defendant's uncontested affidavit, stating that due to a number of enumerated factors she was then without funds to meet the costs of preparing for the hearing, sufficiently supports the trial court's finding that defendant did not have sufficient means to defray the expense of this litigation.

---

Stanback v. Stanback

---

For the reasons stated we conclude the Court of Appeals erred in reversing the trial court's order requiring plaintiff to pay this $2,000.00 item.

The case is remanded to the Court of Appeals for further remand to the Superior Court of Rowan County for further proceedings in conformity with this opinion.

Affirmed in part;

Reversed in part;

Remanded.

Justice EXUM did not participate in the hearing or decision of this case.