ESSIE S. AMEY v. RUTH P. AMEY

No. 8314DC1157

(Filed 6 November 1984)

**1. Appeal and Error § 20— interlocutory appeal—discretionary review**

Where an appeal was interlocutory, but the parties were bogged in a procedural morass and a district court order substantially affected the procedural and substantive rights of defendant, the Court of Appeals treated the appeal as a petition for certiorari and granted the petition in the interest of the expeditious administration of justice.

**2. Courts § 14.1; Ejectment § 2— motion to transfer—summary ejectment— waiver of right to hearing in district court**

In a summary ejectment action, defendant waived her right to have her motion to transfer heard by a superior court judge, and was estopped to question the district court's authority to consider the motion, where defendant's attorney noticed the hearing on the motion in district court, did not object to the district court hearing the motion, and objected to the proceedings in district court only in her brief on appeal and then only to the sequence in which motions were heard. G.S. 7A-258(b) and (c).

**3. Courts § 14.1— pending motion to transfer—involuntary dismissal—error**

The district court erred by granting plaintiff's motions to strike defendant's answer and to dismiss her counterclaims, and by reassigning the case to the magistrate, before ruling on defendant's prior motion to transfer. G.S. 7A-258(f).

**4. Courts §§ 4, 14.1— amount in controversy in excess of $10,000—transferred to superior court**

The district court erred in denying defendant's motion to transfer to superior court on the merits where defendant's answer alleged an amount in controversy in excess of $10,000. G.S. 7A-243.

Amey v. Amey

5. **Ejectment § 1.3— summary ejectment—issue of title raised by defendant's answer**

   In an action for summary ejectment, the district court erred in concluding that there was no genuine issue of title, and in striking the answer, dismissing the counterclaim, and remanding the matter to the magistrate, where defendant's answer specifically denied the existence of a lease and where the magistrate had transferred the matter under G.S. 7A-223 because he found that the pleadings raised an issue of title.

   Judge HEDRICK dissenting.

APPEAL by defendant from *LaBarre, Judge.* Order entered 20 September 1983 in District Court, DURHAM County. Heard in the Court of Appeals 18 September 1984.

*Everett & Hancock, by Kathrine R. Everett, for plaintiff appellee.*

*Thomas H. Stark, for defendant appellant.*

JOHNSON, Judge.

I

Finding that "no genuine issue of title" existed and, thus, avoiding a mammoth procedural maze, the district court judge reached a straightforward substantive result in this summary ejectment action—he struck defendant's answer, dismissed her counterclaims, remanded the action to the magistrate, and denied her motion for a transfer of the action to the superior court division. Defendant appeals, and we reverse.

For clarity, however, we outline the procedural morass before giving our analysis.

On 26 July 1983, the plaintiff, Essie Amey, filed an action in summary ejectment, seeking to remove her daughter-in-law, the defendant, Ruth Amey, from possession of one-half of a two-family dwelling. The Complaint alleged that the defendant had entered into possession as a lessee under a written lease executed in September 1981, and that the defendant had failed to pay rent since October of that year, leaving a balance due of $4,725.00.

On 4 August 1983, the defendant filed an Answer in which she not only denied the allegations of the Complaint, but also set forth various defenses, four counterclaims, a jury demand, and a

motion that the estate of her deceased husband, William Amey, Jr., be joined as a party in the proceeding. More specifically, the defendant (1) moved to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure; (2) moved to transfer the action to the superior court division; (3) counterclaimed for a parol resulting trust in one-half of the property, and in the one-half remainder following the life estate of the plaintiff; (4) counterclaimed for a constructive trust; and (5) counterclaimed for damages based upon contract theories. On 4 August 1983, the magistrate moved the case to district court pursuant to N.C. Gen. Stat. Sec. 7A-223 (1981) based on the issue of title raised by defendant in her Answer. Thereafter, on 23 August 1983, plaintiff moved to strike the first two defenses of the Answer pursuant to Rule 12(f) of the North Carolina Rules of Civil Procedure, to dismiss the counterclaims pursuant to Rule 12(b) of the North Carolina Rules of Civil Procedure, and to strike the demand for jury trial. Plaintiff's motion was based on her assertion that since her action for summary ejectment was based on a lease, the defendant, as lessee, was "estopped from contesting the title, since [defendant had] herself recognized the title by executing the lease as tenant."

Pursuant to notice given by both parties, a hearing was held on 20 September 1983 on plaintiff's various motions and on defendant's motion to remove the action to the superior court division. The district court judge considered all motions at one hearing, and determined first, that no genuine issue of title was involved. The judge then struck the Answer, dismissed the counterclaims, remanded the matter to the magistrate, and, finally, denied defendant's motion to transfer the action to the superior court division.

## II

In her first series of arguments, defendant asks us to remand this matter to superior court because (1) the district court had no authority to consider the issue of transferability since the motion to transfer should have been "heard and determined by a judge of the superior court division whether the case [was] pending in that division or not." N.C. Gen. Stat. Sec. 7A-258(b) (1981); (2) even if the district court was authorized to decide the issue of transferability, "its refusal to decide [the] motion to transfer . . . prior to

ruling on [plaintiff's] substantive motions" to strike and to dismiss was error; and (3) even if the district court could have considered the merits of the action it erroneously denied defendant's motion to transfer when, as here, defendant's Answer alleged an amount in controversy in excess of $10,000. In her closely related second series of arguments, defendant contends the district court erred in striking her Answer, dismissing her counterclaims, and remanding the matter to the magistrate, when: (1) the motion to transfer was pending; (2) the Answer presented meritorious defenses; (3) the counterclaims raised well-pleaded claims; and (4) an unresolved issue of title was raised by the pleadings.

### III

[1] The appeal in this case is interlocutory; however, because the parties are so bogged in a procedural morass and because the district court's order so substantially affects procedural and substantive rights of the defendant, we treat the appeal as a petition for writ of certiorari, and grant same. On the facts of this case, the following quote from our Supreme Court suffices:

> Ordinarily, an appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to appellant if not corrected before appeal from final judgment [citations omitted]. However, the appellate courts of this State in their discretion may review an order of the trial court, not otherwise appealable, when such review will serve the expeditious administration of justice or some other exigent purpose. [Citations omitted.]

*Stanback v. Stanback*, 287 N.C. 448, 453, 215 S.E. 2d 30, 34 (1975).

### IV

We now address the issues raised by defendant *seriatim*.

A. *The Authority of the District Court to Consider the Motion to Transfer*

G.S. Sec. 7A-258(b) (1981) provides as follows:

> A motion to transfer is filed in the action or proceeding sought to be transferred, but it is heard and determined by a judge of the superior court division whether the case is pend-

ing in that division or not. A regular resident superior court judge of the district in which the action or proceeding is pending, any special superior court judge residing in the district, or any superior court judge presiding over any courts of the district may hear and determine such motion. The motion is heard and determined within the district, except by consent of the parties.

[2] This statute unquestionably imposes upon superior court judges the responsibility of considering motions to transfer. The right to transfer, however, may be waived by consent or by failure to move for transfer within the prescribed time limits. *See Stanback v. Stanback*; G.S. Sec. 7A-258(c) (1981).

On the facts of this case, we find that defendant waived her right to have the motion to transfer heard by a superior court judge, and she is estopped to question the district court judge's authority to consider the motion. It was defendant's attorney who noticed the hearing on the motion to transfer in district court. Further, defendant concedes in her brief "that her counsel, by calendaring the motion before the district court, did not assist the court in accurate resolution of the issue." Moreover, the record does not reflect that defendant ever objected to the district court hearing the motion. Indeed, the only objection to the proceedings in district court (and, significantly, it is found in the brief and not in the record) is to the sequence or order in which the district court judge heard the motions. That is, defendant states in her brief, that the trial court refused to consider the motion to transfer *prior* to ruling on plaintiff's motions. We reject defendant's attempt to attack the district court judge's authority to decide the very question which defendant submitted to him.

B. *The Necessity to Rule First on Defendant's Motion to Transfer*

[3] We agree with defendant that the district court erred when it considered plaintiff's substantive, and subsequently filed, motions before ruling on defendant's earlier filed motion to transfer. Critical to this issue is the legislature's directive for proceedings pending disposition of a motion to transfer. Under G.S. Sec. 7A-258(f) (1981), "[t]he filing of a motion to transfer does not stay further proceedings in the case except that: (1) involuntary dismissal is not ordered while a motion to transfer is pending;

Amey v. Amey

[and] (2) assignment to a magistrate is not ordered while a motion to transfer is pending;. . . ." By striking the Answer and dismissing the counterclaims under Rule 12(b)(6), the district court, in effect, entered two "involuntary dismissals" in this action. *See Mozingo v. N.C.N.B.,* 31 N.C. App. 157, 229 S.E. 2d 57 (1976), *disc. rev. denied,* 291 N.C. 711, 232 S.E. 2d 204 (1977).

Although the record is not as helpful as it could be on this point, the language of the court's order itself suggests that each of the dismissals was entered prior to the court ruling on the motion to transfer. This, the court did not have authority to do. Similarly, the reassignment of the case to the magistrate also disregards the statutory directives of G.S. Sec. 7A-258(f) (1981).

C. *Denial of Defendant's Motion to Transfer on the Merits*

[4] The district court erred in denying defendant's motion to transfer on the merits. Defendant's Answer alleged an amount in controversy in excess of $10,000. As stated in defendant's brief: "The first two counterclaims alternatively seek an interest in real property alleged by the motion to transfer to be worth in excess of $10,000. The second counterclaim, also in the alternative, seeks $50,000 as the liquid value of the one-half interest sought. The third and fourth counterclaim, on alternative grounds, seek recovery of an additional $120,000." In denying defendant's motion to transfer in the face of allegations of an amount in controversy in excess of $10,000, the district court failed to follow N.C. Gen. Stat. Sec. 7A-243 (Supp. 1983), which, in relevant part, states that:

> [t]he superior court division is the proper division for the trial of all civil actions in which the amount in controversy exceeds ten thousand dollars ($10,000).
>
> For purposes of determining the amount in controversy, the following rules apply whether the relief prayed is monetary or non-monetary, or both, and with respect to claims asserted by complaint, *counterclaim,* cross-complaint, or third party complaint: . . . .

V

[5] It is not necessary to fully address defendant's second series of arguments that the district court erred when it concluded that

there was no genuine issue of title; when it struck the Answer; when it dismissed the counterclaims; and when it remanded the matter to the magistrate. To the extent the trial court's order is based upon its assumption that the defendant entered into possession of the premises as a lessee, under a written lease, and that therefore no issue of title existed, it was erroneous, considering the pleadings. Defendant, in her Answer, specifically denies the existence of a lease, written or otherwise. We find that both the Answer and the counterclaims create a genuine issue of title. It is not without significance that the magistrate transferred the matter to the district court under G.S. Sec. 7A-223 (1981) because he found that the pleadings raised an issue of title.

Having previously determined, in subsection IV-B, *supra*, that the trial court erred in ruling on plaintiff's substantive motions at a time when defendant's motion to transfer was pending, and having summarily concluded that the answer presented meritorious defenses, that the counterclaims raise well-pleaded claims, and that the remand to the magistrate was improper, we

Reverse.

Judge PHILLIPS concurs.

Judge HEDRICK dissents.

Judge HEDRICK dissenting.

Since the appeal is clearly from an interlocutory order that does not, in my opinion, affect a substantial right within the meaning of *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E. 2d 777 (1983), I vote to dismiss the appeal. The fact that the parties are "bogged in a procedural morass" which the trial court has attempted to avoid by "reach[ing] a straightforward substantive result" is insufficient reason for this Court to exercise our discretion and pass on the merits of the case. I believe the potential harm of ruling on this fragmentary and premature appeal far outweighs the benefits to be gained by the appellate court's attempts to "teach school" in this case.